**Robert Earl DORSEY, Petitioner,**

v.

**The STATE of Oklahoma, Respondent.**

**No. A–17713.**

Court of Criminal Appeals of Oklahoma.

Nov. 17, 1972.

**1306**

Johnny M. Perry, Hobart, for petitioner.

Larry Derryberry, Atty. Gen., Paul Braun, Kiowa County Dist. Atty., John J. White, Asst. Dist. Atty., for respondent.

————————

## MEMORANDUM OPINION AND ORDER DENYING WRIT

BUSSEY, Presiding Judge:

This is an Original Proceeding for Habeas Corpus, styled in the alternative a Petition in Error, in which petitioner seeks relief from denial of a Motion for New Hearing on Certification of a Minor as an Adult in the District Court of Kiowa County, Oklahoma, in Case No. JFJ–72–4, which case has now been refiled as CRF–72–30 since petitioner's certification as an adult.

The record reflects proceedings were instituted against petitioner, a seventeen-year-old Negro male, born September 10, 1955, with the filing of a verified petition under the provisions of 10 O.S.1971, § 1103. The petition alleged that petitioner stabbed one Joe Elix to death in Hobart and sought an investigation by the Department of Public Welfare and commitment of petitioner to Western State Hospital to determine if he knew right from wrong and was accountable for his acts. On July 18, 1972, Associate District Judge Clarence W. Hunter entered an Order finding that the petitioner came within the purview of Title 10, committed him to Western State Hospital at Fort Supply, ordered the hospital to transmit its findings on accountability to the court, and directed further hearing pending that report to determine whether or not petitioner should be certified to stand trial as an adult.

The record reflects the hospital found petitioner displayed a Sociopathic Personality, Antisocial Reaction. The report indicates petitioner was psychosis free, mentally competent, and able to distinguish between right and wrong. After receiving the hospital's report on July 26, 1972, the court directed the return of petitioner to the Kiowa County authorities. On August 1, 1972, the court held a hearing, reviewed the case, made certain findings concerning the Western State Hospital report and set the 8th day of August 1972 as the date of a hearing on the question of petitioner's certification to stand trial as an adult.

The Journal Entry of the hearing had on August 8, 1972 reflects a complete review of the case and notes also that at all times previous and at that time, the petitioner was represented by paid counsel, Johnny Max Perry. Witnesses were sworn, testimony was taken and evidence was received, and the court, then, "* * * after hearing the sworn testimony of witnesses as to the matters last referred to, and upon and after a full investigation and *preliminary hearing* as to the matters above referred to, and after due and careful consideration of the report from the

Western State Hospital and the testimony introduced, the court finds that the said Robert Earl Dorsey does know right from wrong and is accountable for his acts, and should therefore be certified as a person who is capable of knowing and does know right from wrong and is accountable for his acts, and that if he is prosecuted for the aforesaid alleged crime, he should be properly prosecuted by proper criminal proceedings as an adult and that the Juvenile proceedings should not be continued." (Emphasis added) The court then entered an Order to that effect at which time petitioner excepted, gave oral notice of intention to appeal to this Court and an appeal bond was set in the amount of Fifty Thousand Dollars ($50,000.00) at his request.

The record further reflects that, thereafter, a preliminary information was filed charging petitioner with Murder and that, thereafter, on the 24th day of August 1972, following a preliminary hearing, Judge Hunter bound petitioner over and ordered him to stand trial on the charge of Murder.

The only issue raised by petitioner is that framed in his Motion for New Hearing on Certification of a Minor as an Adult, which was overruled below. He seeks a Writ of Habeas Corpus by way of relief from what he claims is illegal detention by reason of the fact that the court failed and refused to grant him a new hearing on the certification on the grounds that no preliminary hearing was had, as required by law, prior to any certification. The issue grows out of petitioner's interpretation of 10 O.S., § 1112(b):

"If a child is charged with delinquency as a result of an offense which would be a crime if committed by an adult, the court, after full investigation and a *preliminary hearing,* may in its discretion continue the juvenile proceeding, or it may certify such child capable of knowing right from wrong, and to be held accountable for his acts, for proper crimi-

nal proceedings to any other division of the court which would have trial jurisdiction of such offense if committed by an adult." (Emphasis added)

Pursuant to an Order of this Court, this matter came on for hearing on the 19th day of September 1972 before Referee C. Michael Zacharias. Petitioner, though not present, was represented by his attorney, Mr. Perry, and the State was represented by Assistant Kiowa County District Attorney John J. White. Arguments were had at that time and an Order was entered on the 20th day of September allowing thirty (30) days in which to search the authorities and submit briefs. Proceedings below were ordered stayed pending the outcome. The briefs and the records have been received and examined with care.

Petitioner's lone argument is that the words "preliminary hearing" as used in 10 O.S., § 1112(b), supra, must be interpreted as having the same meaning attributed to them in Title 22 on Criminal Procedure, that is to say that prior to the court's decision as to whether or not it is going to continue to juvenile proceedings or certify the child as an adult, he is entitled to a "preliminary hearing," a hearing at which it is determined whether or not there was a crime committed, and whether or not there is reasonable cause to believe that the defendant is the person who committed that crime.

■ We are unable to adopt petitioner's reasoning for several reasons and we specifically hold that the term "preliminary hearing" as used in Title 10, does not mean the same thing as a preliminary hearing as ordinarily construed under Title 22.

First, we must note that neither party was able to cite any authority to support the proposition that the term "preliminary hearing" should be construed to mean the same thing throughout the Oklahoma Statutes.

Second, we note the statutes pertaining to criminal procedure use one term and the

cases construing those statutes use yet another. The Oklahoma Constitution provides that no person shall be prosecuted for a felony by information without first having had a preliminary examination before an examining magistrate, or having waived such preliminary examination. Article II, § 17. Thus we note the Oklahoma Constitution and the Oklahoma Statutes on criminal procedure, 22 O.S., §§ 251–280, deal with the term "preliminary examination" as opposed to "preliminary hearing." With reference to §§ 257 and 259, supra, we have defined "preliminary hearing" as "not a trial to determine the guilt of accused, but only the two issues: 'Was a crime committed, and is there reasonable cause to believe the defendant committed said crime.'" Beaird v. Ramey, Okl.Cr., 456 P.2d 587 (1969). Thus we see that petitioner's argument that the terms should be given the same meaning in civil as well as criminal statutes would be better taken if Title 10 had referred to preliminary examination as opposed to preliminary hearing.

We must also observe that the practical effect of construing the term preliminary hearing as the petitioner would have us so do would be to do a double act on the one hand and a useless act on the other. If, on the one hand, petitioner were to have a preliminary hearing in the sense he would have us read the statute, there would be a determination as to whether or not a crime had been committed and, if so, if there was probable cause to believe the defendant was the one who committed it. If the court were to find in the affirmative and then certify the individual as an adult, he would then be entitled to a second preliminary hearing in order to comport with the guarantees set forth in the Constitution, supra, since once an information is filed, proceedings cannot be had further in a fel-

ony matter until such a preliminary hearing is had. On the other hand, if a preliminary hearing were had and the court then decided not to certify the individual, the preliminary hearing would have had no significance whatsoever since if the court decided to continue it as a juvenile matter such a preliminary hearing would serve no purpose.

In the case at bar, we could have treated the issue as moot inasmuch as the record reflects that the petitioner has, in fact, had a full-blown preliminary hearing after certification and was bound over. There is no allegation on the part of counsel that the evidence would have been any different prior to certification than it was after; however, to have simply dismissed the issue as moot would have been to beg the question inasmuch as we feel that this particular portion of the statute should be defined.

■ We thus hold that the proceedings had in this case appear to be regular on their face and appear to have conformed to the statutes in every detail. We hold further that in connection with 10 O.S., § 1112(b), that the term "preliminary hearing" refers to a preliminary proceeding, or fact-finding hearing on the part of the Juvenile Court, as opposed to the traditional definition usually accorded the term in criminal proceedings. After a careful reading of the record herein, we hold that the hearing had August 1, 1972 fits this Court's interpretation of the term "preliminary hearing" as used in Title 10.

It is, therefore, ordered that the Petition for Writ of Habeas Corpus be, and the same is hereby, denied and our previous Order staying proceedings dated the 20th day of September, 1972 is withdrawn.

BRETT, J., concurs.