C. P., a child under the age of eighteen years, Appellant,

v.

The STATE of Oklahoma, Appellee.

No. J–76–491.

Court of Criminal Appeals of Oklahoma.

April 11, 1977.

John H. McBee, McBee & Benson, Frederick, for appellant.

Paul C. Braun, Dist. Atty., Michael D. Evans, Asst. Dist. Atty., for appellee.

## DECISION AND OPINION ON REHEARING

BRETT, Judge:

Appellant, C. P., a juvenile under the age of eighteen (18) years, appeals from an order of the Tillman County District Court, Juvenile Division, certifying him to stand trial as an adult for the alleged offense of Attempted Robbery.

The appellant does not challenge the court's finding of prosecutive merit to the complaint, i. e., that a crime of attempted robbery was committed and that there was probable cause to believe that the appellant committed it. However, he does challenge the court's finding that the appellant is not amenable to rehabilitation within the juvenile system.

In his first assignment of error, the appellant argues that the State of Oklahoma

failed to present sufficient evidence at the certification hearing to support a finding by the trial court that the juvenile was not a fit subject for rehabilitation by the facilities and programs available to the Juvenile Court. In his second assignment of error, appellant contends that in making its decision, the court improperly considered reports, records and other materials which were not admitted into evidence and which had not been made available to counsel for the juvenile at the certification hearing, thus violating the juvenile's right to due process of law.

The evidence presented at the hearing regarding the appellant's amenability to rehabilitation was limited. The State presented one witness, Carl Carey, who was an intake officer for the State Court Related Community Services. Mr. Carey testified that he had had contact with the appellant in the instant case and also when the appellant was brought to him subsequent to the event which was the subject of the instant case in an incident involving a theft from a beauty shop. He stated that he was aware of the appellant's "background in juvenile court" and that he knew that the appellant had been declared a child in need of supervision as a result of a prior case, the nature of which he was not aware. He also stated that a Phil Freelan, a counselor with Turning Point, had worked with the appellant. He said that he would not recommend home placement because there were approximately 20 people living in the home and there was no father. The witness said the appellant appeared to be of average intelligence and he thought that the appellant knew right from wrong. The State presented no other evidence regarding the appellant's amenability to rehabilitation.

The defense put on three witnesses, Arthur McDaniel, who is the appellant's uncle, Carl Carey, and the appellant himself. The appellant's uncle stated that the appellant had lived with him in Spencer, Oklahoma, for about one month and that the appellant obeyed him and his wife and helped around the house. On cross-examination, Mr. McDaniel said that he thought the appel-

lant was of average intelligence and that he thought he knew right from wrong.

The defendant's second witness was Carl Carey, who had been previously called by the State. He stated that he thought the appellant needed strong discipline and that probably a State school would be the best place for him. He stated that appellant had not cooperated with the court in the past, but that he did not think appellant should be certified to stand trial as an adult. The appellant took the stand and testified that he had not been in trouble since he went to live with his uncle and that he thought he would do well if he continued to live there.

At the end of the defendant's case, the trial court refused to allow defense counsel to make a closing argument. He also declined to go through the guidelines established in *J.T.P. v. State*, Okl.Cr., 544 P.2d 1270 (1976), and declined to state his specific findings, instead telling the Assistant District Attorney that he could draw the findings in his order and then consult with him.

The order signed two days later by the court reads in part as follows:

"5. . . . the Court has independently considered the juveniles [sic] demeanor, his background in school, his home life, and the maturity he has displayed on this occasion and other occasions while before this Court. The Court has also considered prior home study reports on record, concerning this juvenile. . . .

"6. The Court further finds that said juvenile has had previous contacts with the juvenile court, both formal and informal.

"7. That he has had extensive counseling from the Tillman County youth bureau, Turning Point, Inc., who have counseled him regarding his school attendance and his contacts with law enforcement agencies and this Court."

■ With regard to appellant's contention that there was insufficient evidence to show that the juvenile was not amenable to rehabilitation within the juvenile system, we note that *J.T.P. v. State*, supra, requires

that a showing be made by substantial evidence. As is stated in *J.T.P. v. State,* supra, at page 1275, the certification procedures contemplate the "exceptional case in which the child is not amenable to treatment under the juvenile facilities and programs available to the court." In *Calhoon v. State,* Okl.Cr., 548 P.2d 1037 (1976), we stated that substantial evidence means more than a scintilla. From the testimony in the present case we are able to glean that the appellant has been in trouble with the law more than once, and had been declared a child in need of supervision, although the only witness called by the State said that he did not think the appellant should be certified to stand trial as an adult. Therefore, the only expert testimony in the record would tend to establish that the juvenile was amenable to rehabilitation within the juvenile system. As we said in a recent opinion written by Presiding Judge Bussey, in *In Matter of R. M., A child under age of eighteen years,* Okl.Cr., 561 P.2d 572 (1977), a case in which there was no direct expert testimony in the record which tended to establish amenability to rehabilitation:

"  .  .  .  In such a situation we hold that the substantial evidence requirement may be established by use of circumstantial evidence, taking into consideration the gravity of the offense and its surrounding facts and circumstances, the age of the juvenile, his mental capacity and ability to know right from wrong, and to realize the seriousness of his actions, his conduct and demeanor, his cooperation or lack of same, and his previous contacts with law enforcement agencies and juvenile authorities, and all other factors material to such a determination. "But to sustain such a holding based on circumstantial evidence, the court should recite in detail and explain why, from the totality of the facts and attendant circumstances, he can reasonably infer a conclusion of nonamenability, should he choose to certify; such order should also cite the particular statutory guidelines forming the basis for the court's order of certification."

We here hold that the same is true where the only expert testimony tends to establish that the defendant is amenable to rehabilitation.

For his second assignment of error, the appellant contends that the court erred in considering reports, records and other material which had not been made available to the counsel for the juvenile at the certification hearings, thus violating the juvenile's right to due process of law. As we stated in *J.T.P. v. State,* supra, at pages 1275–1276:

"Because of its critical importance, a certification hearing must measure up to the essentials of due process and fair treatment which requires a hearing before the juvenile judge after adequate notice to the child and his parents; representation by counsel who has been given access to all records or reports which the court may consider, and a statement of reasons for certification sufficient to allow meaningful review of the court's determination." (Footnote omitted)

In the instant case, the order of the court certifying the appellant specifically states that the court independently considered factors which were not of record. The appellant does not contend that he was denied access to judicial records; what he is objecting to is the independent use by the court of extrajudicial records. This Court held in *Matter of J. S.,* Okl.Cr., 556 P.2d 641 (1976), that such extrajudicial social reports are admissible in a certification · hearing, but we said in that case that the interested parties must be afforded a fair opportunity to examine, criticize and refute the findings in such reports. In the instant case the appellant was not given access to the records relied upon by the court, and in fact was not even informed which records were being considered. Furthermore, in independently considering reports which were not placed in evidence, the lower court did not leave an adequate record for this Court to meaningfully review the lower court's determination.

The State presents the novel, though specious, argument that in determining amena-

bility to rehabilitation the trial court should consider that Oklahoma's penal institutions have proven not to be rehabilitative and that we cannot expect more from the State's juvenile facilities than we can from its penal institutions. If we were to follow the State's argument, every juvenile accused of committing an offense which would be a criminal offense if the juvenile were an adult, would be certified to stand trial as an adult simply because of the shortcomings of Oklahoma's juvenile system. Such a result would be in direct contravention of our juvenile statutes and the cases which have arisen out of these statutes.

Therefore, for these reasons, we RE-VERSE this case and REMAND it to the trial court for a new certification hearing in accordance with the standards set out in this opinion.

BUSSEY, P. J., and BLISS, J., concur.