581 P.2d 908 (1978)
In the Matter of G.D.C., a child under the age of eighteen (18) years.
No. J-78-74.
Court of Criminal Appeals of Oklahoma.
July 10, 1978.
Guy Fitzsimmons, Sapulpa, for appellant.
David Young, Dist. Atty., Luther F. Cowan, Charles Michael Gibson, Asst. Dist. Attys., Creek County, Sapulpa, for appellee.

*909 OPINION
BUSSEY, Presiding Judge:
G.D.C. appeals from an order of the Creek County District Court, Juvenile Division, certifying him to stand trial as an adult for the alleged offense of Shooting With Intent to Injure, in Case No. J-77-86. In this appeal the juvenile does not challenge the finding of the court that prosecutive merit exists. Therefore, we will not discuss the facts of the case.
The only error alleged is that there was insufficient evidence to support a finding that the juvenile is not amenable to rehabilitation under the juvenile system.
To support the certification of a juvenile to stand trial as an adult, the State must show by substantial evidence that the juvenile is not amenable to rehabilitation within the juvenile system. See, C.P. v. State, Okl.Cr., 562 P.2d 939 (1977). A finding *910 that a child is not amenable to rehabilitation in the juvenile system is within the discretion of the judge of the Juvenile Division of the District Court, but such a decision must be based upon substantial evidence. See, Terrell v. State, Okl.Cr., 551 P.2d 1143 (1976).
The determinative factors which are to be considered by the court in deciding whether or not to certify a juvenile to stand trial as an adult are set forth in 10 O.S. Supp. 1977, § 1112, as follows: (1) the seriousness of the alleged offense to the community and whether the alleged offense was committed in an aggressive, violent, premeditated or wilful manner; (2) whether the offense was against persons or property, greater weight being given to offenses against persons, especially if personal injury resulted; (3) the sophistication and maturity of the juvenile and his capability of distinguishing right from wrong as determined by consideration of his psychological evaluation, home environmental situation, emotional attitude and pattern of living; (4) the record and previous history of the juvenile, including previous contacts with the community agencies, law enforcement agencies, schools, juvenile courts and other jurisdictions, prior records of probation or prior commitments to juvenile institutions; and, (5) the prospects for adequate protection of the public and the likelihood of reasonable rehabilitation of the juvenile if he is found to have committed the alleged offense by the use of procedures and facilities currently available to the Juvenile Division of the District Court.
Under the five guidelines of 10 O.S. Supp. 1977, § 1112(b), consideration should be given first to the seriousness of the alleged offense to the community, and whether the alleged offense was committed in an aggressive, violent, premeditated or wilful manner. The trial record reflects that the alleged offense in this matter was a serious offense to the community, involving the shooting of a man as he walked down a public street. While it is true that there is no presumption that a child who has committed a very serious offense is not amenable to rehabilitation, the gravity of the particular offense should be one of the guidelines considered by the Juvenile Division as it views the totality of facts and circumstances. See, Matter of R.M., Okl. Cr., 561 P.2d 572 (1977).
The record provides reasonable evidence as to the fact that the alleged offense was committed in an aggressive, violent, premeditated and wilful manner. The testimony at this stage of the proceeding indicates that the juvenile, for no justifiable reason, did wilfully shoot the victim with a .12 gauge shotgun as he was walking down a public street. Based on the foregoing, we find that the evidence was sufficient to support the finding that a serious felony was committed in an aggressive and wilful, violent and premeditated manner.
The second guideline set forth in 10 O.S. Supp. 1977, § 1112(b), is that the judge should consider whether the offense was against persons or property, greater weight being given to offenses against persons, especially if personal injury resulted. The offense alleged in this matter is that of shooting with intent to injure, an offense against a person. The evidence produced at the prosecutive merit hearing showed that the victim of the alleged offense was in fact shot, requiring hospitalization for a period of 23 days.
Next, consideration must be given to the sophistication and maturity of the juvenile and his capability of distinguishing right from wrong. Testing administered by the Department of Institutions, Social and Rehabilitative Services, hereinafter referred to as DISRS, through their agents at Lloyd E. Rader Diagnostic and Evaluation Center, on the 13th day of September, 1976, indicated that the juvenile fell within the average range of intellectual function, no disorder was observed, and he was functioning on or above grade level in all areas. Also, there was the testimony of the juvenile's counselor that he appeared to be a very mature and responsible adolescent. As to the juvenile's ability to distinguish right from wrong, all of the evidence supports the court's conclusion.
*911 In response to the State's inquiry as to whether she thought this juvenile knew the difference between right and wrong, the juvenile's counselor stated, "Yes I do." The certification study presented to the court indicates that the juvenile is well aware of the difference between right and wrong, but that he lacks common sense when considering the consequences of his actions.
Additional consideration is to be given by the court to the previous record of the juvenile. The entire court files relevant to the juvenile were entered into evidence without objection. A review of these files shows that the petition filed the 23rd of February, 1976, alleges three separate offenses, namely, car theft, larceny and purse snatching. To this petition, the juvenile, represented by counsel, stipulated as to the truth of these allegations. The second petition concerning the juvenile was filed on the 3rd day of May, 1976. The allegation was one of second degree burglary. To such allegation, the juvenile, again represented by counsel, entered a stipulation as to the truth of the allegation, and the juvenile was placed in the custody of DISRS for approximately one year.
Finally, consideration must be given for the prospects for adequate protection of the public and the likelihood of rehabilitation through procedures and facilities available in the juvenile system. The juvenile court, in considering this guideline, placed strong emphasis on the psychological evaluation dated September 8,1976, from the Lloyd E. Rader Children's Diagnostic and Evaluation Center, which stated that the juvenile has "an uncommon need for excitement and stimulation" and these needs along with somewhat low social judgment and reasoning ability, may combine to create antisocial activity. Based on this evaluation and the juvenile's prior record, the juvenile court determined that there was a likelihood of recurring violence resulting in considerable danger to society.
The determination that there was not a reasonable likelihood of rehabilitation was based on the fact that the juvenile authorities have heretofore failed to effect the juvenile's rehabilitation in the extended period in which it was undertaken. While it is true that the only expert testifying on the issue of amenability stated that in her opinion the juvenile could be rehabilitated, the court was not required to give this controlling effect, but was justified in weighing the same in light of all the other evidence presented at the certification hearing. See, Calhoon v. State, Okl.Cr., 548 P.2d 1037 (1976).
Considering all the evidence presented at the certification hearing, there was substantial evidence to support the court's decision to certify the juvenile to stand trial as an adult. For the foregoing reasons, the order of the Juvenile Division of the District Court, Creek County, certifying the juvenile to stand trial as an adult is AFFIRMED.
CORNISH and BRETT, JJ., concur.