J. M. R., Appellant,

v.

The Honorable Peter Clinton MOORE,
Special Judge for the Fifth Judicial
District of Oklahoma, Appellee.

No. P–79–617.

Court of Criminal Appeals of Oklahoma.

Feb. 20, 1980.

Ryland L. Rivas, and Mack K. Martin, Bassel & Rivas, Inc., Lawton, for appellant.

Dick W. Tannery, Dist. Atty., Robert G. Perrine, First Asst. Dist. Atty., Comanche County, for appellee.

## OPINION

CORNISH, Presiding Judge:

The central question in this proceeding is whether a person under the age of 18 at the time of the commission of a crime, who subsequently is charged with that crime after reaching majority, is subject to certification under the statute in effect at the time of the crime or the one in effect on the date the charge is filed. A first degree murder charge was filed against the appellant on October 19, 1979, for an alleged murder which occurred in April of 1976.

This issue assumes importance because the statutory scheme for certification of juveniles to the District Court to be tried as adults has changed significantly in the period between April of 1976 and October of 1979. In April of 1976, the operative certification statute was 10 O.S.Supp.1975, § 1112, which provided for the Juvenile Court to consider eight factors in determining whether a child charged with an offense which would be a felony if committed by an adult should be retained within the jurisdiction of the juvenile court or certified to be tried as an adult. It was the State's burden to prove by "substantial evidence" that there was prosecutive merit to the complaint[1] and that the child was not amenable to the rehabilitative facilities of the juvenile system. *J. T. P. v. State*, Okl.Cr., 544 P.2d 1270 (1975).

The authority for initiating proceedings against the petitioner in the District Court derived from 10 O.S.Supp.1979, § 1104.2, effective October 1, 1979, (Sess.Laws c. 257, § 2) in which any juvenile between 16 and 18 years of age charged with a specific crime,[2] is to be tried as an adult. It then becomes the burden of the child to move that his case be remanded to the Juvenile Division of the District Court for disposition within the juvenile system.

Charges were filed in the District Court of Comanche County on October 19, 1979, against the petitioner for First Degree Murder under 21 O.S.Supp.1975, § 701.1, the statute in effect on the date of the crime. Petitioner objected to the jurisdiction of the court on the basis of her minority at the time of the homicide. She argued that proceedings against her should have been instituted in the Juvenile Division. The objection was overruled. The petitioner's writ to this Court requests that we assume original jurisdiction to prohibit the respondent from further proceedings in the adult court.

Basically, the petitioner alleges that the assumption by the District Court of jurisdiction under 10 O.S.Supp.1979, § 1104.2, was an unconstitutional ex post facto application of the new reverse certification law which was not in effect at the time of the crime, April, 1976. The State responds that the reverse certification statute operates only procedurally and that no substantial rights of the petitioner are affected by its application to her. We must disagree.

---

1. Prosecutive merit is defined as "a finding that a crime has been committed and that there is probable cause to believe that the accused child committed it." *J. T. P. v. State*, Okl.Cr., 544 P.2d 1270 (1975).

2. Title 10 O.S.Supp.1979, § 1104.2, reads in part:
   "A. Any person sixteen (16) or seventeen (17) years of age who is charged with murder, kidnapping for purposes of extortion, robbery with a dangerous weapon, rape in the second degree, use of firearm or other offensive weapon while committing a felony, arson in the first degree, burglary with explosives, shooting with intent to kill, manslaughter in the first degree, or nonconsensual sodomy, shall be considered as an adult. . . ."

The crucial nature of a certification hearing was acknowledged by the United States Supreme Court in 1966, when guidelines were established to assist lower courts in their decision to waive jurisdiction of the juvenile court over a youth, certifying him to stand trial as an adult. *Kent v. United States*, 383 U.S. 541, 86 S.Ct. 1045, 16 L.Ed.2d 84 (1966). In speaking for that Court, Justice Fortas wrote that the jurisdiction of the juvenile court confers upon the child "special rights and immunities" and that waiver of this jurisdiction is "a 'critically important' action determining vitally important statutory rights of the juvenile." It is critical "because it affects the tenor of the juvenile's subsequent treatment." S. Davis, *Rights of Juveniles: The Juvenile Justice System* (1974). Our own Court recognized that it "may be the most severe sanction the Juvenile Court can impose" in *J. T. P. v. State*, supra, at 1275, and described it as "comparable in seriousness to a felony prosecution" in *Bruner v. Myers*, Okl.Cr., 532 P.2d 458, 461 (1975).

The certification law in effect in April of 1976 required that when a juvenile was charged with delinquency arising from an offense that would be a felony if committed by an adult, it was the responsibility of the Juvenile Division of the District Court to consider eight statutorily defined guidelines in determining whether to continue the juvenile proceedings or to certify that juvenile to the adult division of the District Court. Title 10 O.S.Supp.1975, § 1112.[3] Under the 1976 law, the State had the burden of proving by "substantial evidence" that there was prosecutive merit and that the juvenile was not amenable to rehabilitation within the juvenile system. See *J. T. P. v. State*, supra.

As of October 1, 1979, a statute authorizing the automatic treatment of 16 and 17 year olds as adults when charged with the commission of certain crimes is in effect. See Sess.Laws 1979, c. 257, § 1104.2, now 10 O.S.Supp.1979, § 1104.2.[4] Because petitioner was under 18 years of age in April, 1976, the State charged her under the current reverse certification statute in October, 1979.

The 1979 reverse certification statute shifts the burden to the juvenile to file a motion to be certified to the Juvenile Division for treatment. The obvious result is to shift the burden of proof on the juve-

---

**3.** "(b) If a child is charged with delinquency as a result of an offense which would be a felony if committed by an adult, the court shall consider the following guidelines:

"1. The seriousness of the alleged offense to the community;

"2. Whether the alleged offense was committed in an aggressive, violent, premeditated or willful manner;

"3. Whether the offense was against persons or property, greater weight being given to offenses against persons especially if personal injury resulted;

"4. Whether there is prosecutive merit to the complaint;

"5. The desirability of trial and disposition of the entire offense in one court when the juvenile's associates in the alleged offense are adults;

"6. The sophistication and maturity of the juvenile as determined by consideration of his home, environmental situation, emotional attitude and pattern of living;

"7. The record and previous contacts with community agencies, law enforcement agencies, schools, juvenile courts and other jurisdictions, prior periods of probation or prior commitments to juvenile institutions; and

"8. The prospects for adequate protection of the public and the likelihood of reasonable rehabilitation of the juvenile if he is found to be guilty of the alleged offense, by the use of procedures and facilities currently available to the juvenile court;

"and after full investigation and a preliminary hearing, may in its discretion continue the juvenile proceeding, or it may certify such child capable of knowing right from wrong, and to be held accountable for his acts, for proper criminal proceedings to any other division of the court, which would have trial jurisdiction of such offense if committed by an adult."

The original eight standards were condensed into five in 1977. See Laws 1977, c. 79, § 2.

**4.** This Court declared the earlier reverse certification statute, 10 O.S.Supp.1978, § 1104.2 and § 1112(b), unconstitutionally vague in *State ex rel. Coats, D. A. v. Johnson, Special District Judge*, 597 P.2d 328 (1979). In his special concurrence, P. J. Cornish added that the statutes created "an impermissible presumption" of the juvenile's competency to stand trial as an adult.

nile to show that he should be processed through the juvenile system and that he can be rehabilitated.

■ The State argues that the only result of using the new law is to change the forum and that "there is nothing about 10 O.S.Supp.1979, § 1104.2 that is more onerous to the Petitioner than that which existed in April [of] 1976." We hardly see the necessity of elaborating on the obvious fallacy in respondent's argument. The thrust of *Kent* was to emphasize the crucial nature of certification of a juvenile to the Adult Division of the District Court to stand trial as an adult. We are confident that the importance of such a proceeding is not to be diminished by the application of the new reverse certification law retroactively. Just as the jurisdiction of the Juvenile Division or the Adult Division of the District Court depends upon the age of the offender at the time of the alleged offense, *Crandell v. State*, Okl.Cr., 539 P.2d 398 (1975), so must the use of the appropriate certification statute reflect the law at the time the juvenile allegedly committed the offense. To hold otherwise would in fact sanction the filing of charges under the most advantageous law.

■ Certification and reverse certification are not purely procedural matters. The outcome affects substantive rights of the juvenile. Once certified, that youth can be tried, convicted, and punished as an adult.

■ Despite the argument of the State that this is not a law prohibited from ex post facto application because it is procedural instead of substantive, we hold that application of it ex post facto is unconstitutional. In 1908 we held that two prerequisites must be found to hold a law ex post facto. First, the law must have been passed after the offense, and second, the law must materially affect the accused to his disadvantage. *State ex rel. Sims v. Caruthers*, 1 Okl.Cr. 428, 98 P. 474 (1908). The fact that it is ostensibly procedural does not prevent its classification as ex post facto so long as a substantial protection was

thereby denied the accused. *Sharp v. State*, 3 Okl.Cr. 24, 104 P. 71 (1909). As in *Sharp*, the situation of this petitioner has been altered to her disadvantage.

■ Certification is not a process which falls neatly into either the procedural or substantive category. It reflects characteristics of both forms of the law. Moreover, even procedural law which substantially touches upon the rights of the individual must be examined in light of constitutional standards of due process. As Mr. Justice Frankfurter said in his separate opinion to *Malinski v. New York*, 324 U.S. 401, 414, 65 S.Ct. 781, 787, 89 L.Ed. 1029 (1945), "The history of American freedom is, in no small measure, the history of procedure." Cited with approval in *In re Gault*, 387 U.S. 1, 87 S.Ct. 1428, 18 L.Ed.2d 527 (1967).

The prayer of the petitioner that this Court enjoin respondent from assuming jurisdiction in this case is hereby *GRANTED*, and the District Court is directed to *REMAND* to the Juvenile Division of the District Court of Comanche County to proceed under 10 O.S.Supp.1975, § 1112, which was in force and effect at the time of the crime.

BRETT, J., concurs.

BUSSEY, J., dissents.

BUSSEY, Judge, dissenting:

I must respectfully dissent. I cannot accept the position that 10 O.S.Supp.1979, §§ 1104.2 and 1112(b) place a "burden of proof" on juveniles charged with offenses enumerated in § 1104.2 so that its application to Petitioner in lieu of 10 O.S.Supp. 1975, § 1112(b) works the deprivation of a substantial right in violation of the ex post facto doctrine. Certification has been regarded as committed to the discretion of the Court, see *Alford v. Carter*, Okl.Cr., 504 P.2d 436 (1972), *J. T. P. v. State*, Okl.Cr., 544 P.2d 1270 (1975); *Shelton v. State*, Okl. Cr., 554 P.2d 1378 (1976); *Matter of G. D. C.*, Okl.Cr., 581 P.2d 908 (1978) and I read nothing in the majority opinion as questioning the continued discretionary nature of certification or reverse certification. Rather, my disagreement with the majority is

with its extension of a process first begun in *J. T. P. v. State*, supra. In that case, this Court held, without citation of authority and, in truth, out of whole cloth, that "due process" required that the court's discretion be based on "substantial evidence." Almost immediately, and regrettably with my assistance, this concept, which was undoubtedly originally intended to express that minimum quantity of evidence required to support a valid exercise of discretion as versus an abuse of discretion, was transformed into a "burden of proof" imposed on the State. See *Matter of J. S.*, Okl.Cr., 556 P.2d 641 (1976), *C. P. v. State*, Okl.Cr., 562 P.2d 939 (1977) and *In Matter of R. M.*, Okl.Cr., 561 P.2d 572 (1977). In my view, this concept serves to divert the Court and litigants from the true inquiry in such cases, i. e., whether an abuse of discretion has occurred.

When viewed in the proper light, § 1104.2 does not impose a "burden of proof" on the juvenile, it merely requires him to initiate the process whereby the Court makes its discretionary determination as to whether the juvenile court, as versus the adult court, shall exercise jurisdiction over a particular juvenile. The result is a mere procedural alteration relating to the forum in which the determination of jurisdiction is made, and I see no genuine adverse effect on Petitioner's substantial rights. The ex post facto bar does not require that an accused receive a trial conforming in all respects with the law prevailing at the time of the crime. See *Dobbert v. Florida*, 432 U.S. 282, 97 S.Ct. 2290, 53 L.Ed.2d 344 (1977). If this be true in the trial of a capital case, it must apply with equal force to a certification or reverse certification hearing. I would affirm.