**In the Matter of A. E. F., A Child Under the age of Eighteen (18) Years, Appellant,**

**v.**

**The STATE of Oklahoma, Appellee.**

**No. J–80–823.**

Court of Criminal Appeals of Oklahoma.

Sept. 14, 1981.

Harold Hall, Hall & Saunders, Ada, for appellant.

William N. Peterson, Dist. Atty., Nancy M. Shew, Asst. Dist. Atty., Ada, for appellee.

## OPINION

BUSSEY, Judge:

The appellant, A.E.F., brings this appeal from an order of the District Court of Pontotoc County, Case No. J–80–35, certifying him to stand trial as an adult for the offenses of Rape in the Second Degree and Robbery with a Firearm.

As his sole assignment of error, the appellant alleges that the order directing that he be proceeded against as an adult, and not as a juvenile, was contrary to the evidence and the law. He relies upon 10 O.S.Supp.1980, § 1112, and the case of *In the Matter of G.D.C.*, 581 P.2d 908 (Okl.Cr.1978), for the proposition that:

> To support the certification of a juvenile to stand trial as an adult, the State must show by substantial evidence that the juvenile is not amenable to rehabilitation within the juvenile system.

The appellant contends that it appears to be uncontroverted that the juvenile is making progress under counseling, he is being furnished, and is amenable to rehabilitation within the juvenile system; thus, the appellant should not have been certified to stand trial as an adult.

In the case relied upon by the appellant, supra, the court set forth the guidelines to be considered by the trial court in deciding whether or not to certify a juvenile to stand trial as an adult as set forth in 10 O.S.Supp. 1980, § 1112, and stated that:

> While it is true that there is no presumption that a child who has committed a very serious offense is not amenable to rehabilitation, the gravity of the particular offense should be one of the guidelines considered by the Juvenile Division as it views the totality of facts and circumstances. See, *Matter of R.M.*, 561 P.2d 572 (Okl.Cr.1977).

Further, in the same case, this Court stated:

> A finding that a child is not amenable to rehabilitation in the juvenile system is within the discretion of the judge of the Juvenile Division of the District Court, but such a decision must be based upon substantial evidence. See *Terrell v. State*, 551 P.2d 1143 (Okl.Cr.1976).

In his order certifying the appellant as an adult the court stated the following:

(1) The Court finds that the offenses of rape and robbery are of a serious nature to the community in that the victim was selected at random without any instigation and therefore the respondent is a serious threat to the community at large. The offenses were committed in a violent, aggressive, premeditated and wilfull manner. The Court finds the crime premeditated in that the respondent wore a ski mask and the companion had a gun.

(2) The offenses were directed against a person and against a person's property. There was both physical injury and mental anguish suffered by the victim.

(3) The Court finds the respondent to be mature and knowing the difference between right and wrong.

(4) The Court finds no evidence of a previous juvenile record, however there was testimony of misconduct and disciplinary problems.

(5) The Court finds that the protection of the public will be jeopardized if the respondent remains within the juvenile system.

The testimony and the reports to the court show that there is no assurance that the respondent will not act out his unsocialized, aggressive reactions in another serious manner.

Additionally, the Court finds that based upon substantial evidence, the respondent is not amendable to rehabilitation within the juvenile system.

The only explanation offered by the respondent for his actions is that he "wasn't thinking." The respondent denies being under the influence of any intoxicant and denies any previous connection or relationship with the victim. Further, the test results show no psychotic illness. Thus, the only conclusion is that at the time of the crime the respon-

734

dent demonstrated severe aggressive criminal behavior with no concern for punishment, victim's feelings, or social disdain and censure.

The deterrents and procedures available in the juvenile system to ensure public safety and the reasonable rehabilitation of this respondent are inadequate.

After a thorough examination of the record before us and being fully advised in the premises, we find that there was substantial evidence to support the court's decision to certify the appellant to stand trial as an adult, and no abuse of discretion appears to exist. The appellant's sole assignment of error is without merit.

For the foregoing reasons, the order of the District Court of Pontotoc County, certifying the appellant to stand trial as an adult is AFFIRMED.

BRETT, P. J., and CORNISH, J., concur.