v.

**STATE of Oklahoma, Respondent.**

**No. J–87–258.**

Court of Criminal Appeals of Oklahoma.

Oct. 22, 1987.

---

Lisbeth L. McCarty, Asst. Appellate Public Defender, Norman, for petitioner.

Charles V. Williams, Sp. Prosecutor, Elk City, for respondent.

## OPINION

BUSSEY, Judge:

Petitioner, L.M.O.C., hereinafter L.C., was certified in Custer County, Case NO. JFJ–87–1, to stand trial as an adult on the charge of Knowingly Concealing and Withholding Stolen Property. From the Order of Certification, he brings this appeal.

The facts disclosed by the record reveal that on January 8, 1987, the Clinton Police Department investigated a complaint by Leroy Wilks that his car had been burglarized. The following night, a tan Ford was stopped for having an expired vehicle inspection sticker. The driver produced a license with restriction number nine, a learner's permit. Petitioner was the only passenger in the car, and he was unable to produce a valid driver's license. The driver was then placed under arrest for operating a vehicle without a license. Appellant was placed under arrest for violating the municipal curfew ordinance. The car was impounded and the arresting officers conducted an inventory search. Items matching the description of those taken from Leroy Wilks' car were discovered. The car was sealed and towed, despite the arrival of appellant's mother, who owned the car. A search warrant was obtained, the items were seized from the car, and Wilks positively identified one item as coming from his car.

In his first assignment of error, petitioner asserts that the State failed to prove

prosecutive merit before certifying him as an adult. In support of this assignment, petitioner attacks the validity of the warrant under which items were seized, and further attacks the sufficiency of the evidence to establish petitioner's knowledge that the items were stolen. We find neither argument persuasive.

The vehicle was stopped due to a violation of the motor vehicle statutes. Both occupants were properly placed under arrest. There was no choice for the officers. The car had to be impounded. In complying with established police procedure, the officers discovered what appeared to be stolen goods. That discovery provided a second sufficient basis to impound the vehicle, dispite the subsequent arrival of the car's licensed owner. The search warrant was issued on the basis of the police officers' personal knowledge obtained in the course of conducting a lawful inventory search.

That police officers may lawfully conduct inventory searches of impounded vehicles is supported by manifold case authority. *See, e.g., South Dakota v. Opperman,* 428 U.S. 364, 96 S.Ct. 3092, 49 L.Ed.2d 1000 (1976); *Fallon v. State,* 725 P.2d 603 (Okl.Cr.1986). The discovery of stolen goods in the trunk was not beyond the scope of the inventory. In *Opperman,* supra, the Supreme Court stated, "[s]tandard inventories often include an examination of the glove compartment, since it is a customary place ... for the temporary storage of valuables." *Id.,* 428 U.S. at 372, 96 S.Ct. at 3098. We find that rationale equally applicable to the trunk of the car in this case. Therefore, it follows that the search warrant was obtained based on probable cause provided by the personal knowledge of a police officer, and there was no error in admitting evidence properly seized under that warrant.

The fact that petitioner was not the only person with access to the trunk does not destroy the prosecutive merit of the State's case. The State improperly relies upon *Dorsey v. State,* 503 P.2d 1305 (Okl.Cr.1972), for the proposition that a preliminary hearing on "prosecutive merit" does not require the same high level of proof as that required in an adult proceeding. We point out the more recent case of *J.M.R. v. Moore,* 610 P.2d 811 (Okl.Cr. 1980), wherein we noted "prosecutive merit is defined as a finding that a crime has been committed *and that there is probable cause to believe that the accused child committed it." Id.* at 812, n. 1. (Emphasis added.) "The juvenile urges that the *standard for finding prosecutive merit should be the standard required for binding over a defendant at preliminary hearing."* We agree. *Berryhill v. State,* 568 P.2d 1306, 1310 (Okl.Cr.1977), (Emphasis added.) To the extent that *Dorsey* and cases under it are inconsistent with this standard, they are expressly overruled.

Notwithstanding the State's misplaced reliance, we find that a review of the record supports a finding of probable cause to believe that petitioner had in fact committed the crime of Knowingly Concealing and Withholding Stolen Property. *See Jones v. State,* 557 P.2d 447 (Okl.Cr.1976).

In his remaining assignment of error, petitioner asserts that the State failed to prove that he was not amenable to treatment within the juvenile system. This assignment must also fail. The factors applicable to a determination of whether a minor should be certified to stand trial as an adult are set out in 10 O.S.1981, § 1112. The statute specifically gives the court hearing the certification issue discretion in the result reached under these factors. Absent an abuse of that discretion, this Court is without authority to reverse. *K.C.H. v. State,* 674 P.2d 551 (Okl.Cr.1984).

The record reflects that the alleged offense was found to have been committed in a premeditated or wilful manner, that L.C. was sufficiently mature and had the capability to distinguish right from wrong, that L.C. had a history of contacts with law enforcement officials, that L.C. demonstrated an aggressive and violent nature at school and in his encounter with the psychologist examining him prior to the certification hearing, and that there appeared to be no reasonable likelihood that L.C. could

be rehabilitated within the juvenile system. Due consideration was given to the fact that the offense was against property. The factor concerning escape was expressly excluded as inapplicable. All of these findings were supported by reports admitted into evidence by stipulation or by testimony taken during the hearing. On this record, there was no abuse of discretion in certifying L.C. to stand trial as an adult.

Finding no basis for reversal, the relief prayed for by petitioner must be, and hereby is, DENIED.

BRETT, P.J., and PARKS, J., concur.