**Timothy GILLEY, Appellant,**

v.

**STATE of Oklahoma, Appellee.**

**No. F–86–852.**

Court of Criminal Appeals of Oklahoma.

May 21, 1992.

---

## ORDER REMANDING FOR A HEARING ON REVERSE CERTIFICATION

Appellant, Timothy Gilley, was tried by a jury for the crime of First Degree Robbery (By Force or Fear and With a Dangerous Weapon) (Two Counts) in violation of 21 O.S.1981, § 791, in Case No. CRF–85–63 in the District Court of Kiowa County. The jury returned a verdict of guilty and set punishment at twenty-five (25) years imprisonment on each count. The trial judge sentenced appellant accordingly with each count to run consecutively.

At the time the offense was committed, appellant was seventeen years old. Because he was charged with robbery with a dangerous weapon, he was considered as an adult pursuant to 10 O.S.Supp.1985, § 1104.2. However, he claims that error occurred because he was not informed of his right to make application for reverse certification as a child to the juvenile system, as is affirmatively required by section 1104.2. We agree.

Section 1104.2(B) specifically states that: Upon the filing of an information against such accused person, a warrant *shall* be issued which *shall* set forth the rights of the accused person, and the rights of the parents, guardian or next friend of the accused person to be present at the preliminary hearing, to have an attorney present and *to make application for the certification of such accused person as a child to the juvenile division of the district court* (emphasis added).

The language of this section unequivocally requires that the warrant advise the accused of his right to apply for reverse certification. This language is not permissive, but rather, makes such notification mandatory. In addition, once notice has been given, an accused is required by statute to file a motion for certification as a child before the start of the criminal preliminary hearing. *See* 10 O.S.Supp.1985, § 1104.2(C). This motion must be ruled on by the court before the accused can be bound over for trial. *Id.*

The importance of requiring strict compliance with the juvenile certification

and reverse certification statutes cannot be subverted. This is because the outcome of such proceedings affects the substantive rights of juveniles. *See J.M.R. v. Moore*, 610 P.2d 811, 814 (Okl.Cr.1980). *See also State ex rel. Coats v. Rakestraw*, 610 P.2d 256, 261 (Okl.Cr.1980) (Brett, J., specially concurring). Therefore, every accused juvenile must be afforded the mandatory procedural safeguards provided in the statutes.

■ The State correctly points out that section 1104.2 places the burden to initiate reverse certification proceedings on the juvenile. *See Trolinger v. State*, 736 P.2d 168 (Okl.Cr.1987). It is argued that because the appellant did not do this, he waived his right to raise the issue on appeal. However, it is axiomatic that before a juvenile can file such an application, he must be aware that such an option exists. One can only waive a right that is known. *See Johnson v. Zerbst*, 304 U.S. 458, 58 S.Ct. 1019, 82 L.Ed. 1461 (1938).

■ Although we find that the appellant was not apprised of his right to apply for reverse certification procedure as was mandated by statute, this procedural error does not necessarily require reversal. Had the appellant known of his statutory right to apply for reverse certification, under 10 O.S.Supp.1985, § 1104.1(C) he would have been afforded the opportunity to offer evidence in support of his position. Although we have not addressed this issue before, we can analogize it to that in which a statutorily required post examination competency hearing was erroneously not held. As we have done in that situation, we now remand this case back to the district court so that a hearing can be held allowing appellant the opportunity to present whatever evidence he had or now has to support his position that if such a hearing had been held in the first instance, he would have been certified as a child. The trial court must first determine, however, the feasibility of presently assessing whether appellant would have been certified as a child. If the trial court finds that such a determination can be made at this time, then a hearing shall be conducted as soon as possible and the findings or verdict shall be transmitted to this Court.

IT IS SO ORDERED.

/s/ James F. Lane
James F. Lane, Presiding Judge
/s/ Gary L. Lumpkin
Gary L. Lumpkin, Vice Presiding Judge
/s/ Tom Brett
Tom Brett, Judge
/s/ Ed Parks
Ed Parks, Judge
/s/ Charles A. Johnson
Charles A. Johnson, Judge