v.

**The STATE of Oklahoma, Appellee.**

**No. J 97–0495.**

Court of Criminal Appeals of Oklahoma.

Oct. 8, 1997.

## ACCELERATED DOCKET ORDER

Appellant, born May 28, 1979, was charged by Information January 2, 1997, as an adult for Second Degree Murder in the District Court of Craig County, Case No. CF–97–1. On March 12, 1997, Appellant, by and through counsel, filed an application for certification as a child. Following a hearing April 3, 1997, the Honorable Edwin D. Carden, Associate District Judge, denied Appellant's application. Appellant appeals from the denial of his application for certification as a child.

On appeal Appellant raised one proposition of error:

The order denying certification of Appellant as a child is void because the District Court lacked jurisdiction due to lack of service on the parents, guardian or next friend, of a certified copy of the Information and warrant required by 10 O.S.Supp. 1996, § 7306–1.1(D)(1).

Pursuant to 22 O.S.Supp.1996, Ch.18, App., *Rules of the Court of Criminal Appeals,* Rule 11.2(A)(4), this appeal was automatically assigned to the Accelerated Docket of this Court. The proposition was presented to this Court in oral argument August 28, 1997, pursuant to Rule 11.2(F). At the conclusion of oral argument, the parties were advised of the decision of this Court.

The record reflects the following facts:

1. Appellant is charged with shooting Candy Blackfox in the face on December 30, 1996, with a sawed-off shotgun. The victim died.

2. A Vinita police officer testified that when Appellant's mother showed up after the shooting, he let her take Appellant back into the house. The officer talked with Appellant's mother for a few minutes and then arrested Appellant. Appellant's mother rode with them to the police department. Once downtown the officer talked with Appellant's mother about the situation. "The stipulations were before [Appellant] could talk to me. or anything the only thing [Appellant] would answer was where the gun was and they didn't want to talk to me about anything else until they got their lawyer." (P.H.Tr.53)

3. Appellant appeared for initial appearance on January 2, 1997, with two attorneys representing him. Counsel acknowledged receipt of a copy of the Information. The Information was read and Appellant was advised by the trial judge that he had the right to remain silent, a right to counsel, and court appointed counsel if found to be indigent. Bail was set at $250,000.00.

4. On January 27, 1997, counsel was allowed to withdraw. An application for appointed counsel and affidavit of financial inability to employ counsel was filed January 30, 1997, by Appellant. The application reflects Appellant lived with his mother. Appellant's father is in prison. Appellant signed the application. Appellant was found indigent and the public defender was appointed to represent him on January 30, 1997.

5. Appointed counsel filed an application for certification as a child on March 12, 1997.

6. The record reflects Appellant's mother was present at the March 13, 1997, Preliminary Hearing and that she testified at the April 3, 1997, Certification Hearing.

Title 10, § 7306–1.1(D)(1) states:

Upon the filing of an information against such accused person, a warrant shall be issued which shall set forth the rights of the accused person, and the rights of the parents, guardian or next friend of the accused person to be present at the preliminary hearing, to have an attorney present and to make application for certification of such accused person as a child to the juvenile division of the district court. The warrant shall be personally served together with a certified copy of the information on the accused person and on a custodial parent, guardian or next friend of the accused person.

Appellant argues that the issue is jurisdictional. We disagree. First of all, we find that a distinction must be made between certification cases and reverse certification

cases. In certification cases, the State's motion to certify the juvenile as an adult gives notice of the State's action and is akin to the notice of an Information. Clearly, in certification cases, the service requirements in the statute are required to comply with due process and to trigger the district court's jurisdiction over the case. *See R.C.R. v. State,* 776 P.2d 563, 564 (Okl.Cr.1989). We recognize this Court has incorrectly used the term "jurisdictional" when the issue is truly one of ensuring due process. Moreover, the recognition that the district courts in Oklahoma are vested with general jurisdiction was set out in *Parker v. State,* 917 P.2d 980, 985 (Okl.Cr.1996), *cert. denied,* —— U.S. ——, 117 S.Ct. 777, 136 L.Ed.2d 721 (1997).

■ However, in reverse certification cases, the accused is presumed to be an adult with the opportunity to file a motion for certification as a juvenile and treatment in the juvenile system. This is not a jurisdictional issue but a due process issue, as recognized in *Gilley v. State,* 848 P.2d 578, 579 (Okl.Cr.1992).

In *Gilley* the appellant was charged as an adult and claimed that he was not informed of his right to make application for reverse certification as a child to the juvenile system. This was a regular felony appeal and the appellant was not afforded a certification hearing prior to his trial as an adult. In *Gilley* we stated that "[t]he importance of requiring strict compliance with the juvenile certification and reverse certification statutes cannot be subverted. This is because the outcome of such proceedings affects the substantive rights of juveniles.... Therefore, every accused juvenile must be afforded the mandatory procedural safeguards provided in the statutes." *Id.* at 579–580. While we held the statutory language mandatory, we also held that this procedural error does not necessarily require reversal. *Id.* at 580.

■ The district court is a court of general jurisdiction, constitutionally endowed with unlimited original jurisdiction of all justiciable matters except as otherwise provided in Article 7, Section 7, of the Oklahoma Constitution. *Buis v. State,* 792 P.2d 427, 428–429 (Okl.Cr.1990). As set out in *Parker,* "a trial court's jurisdiction is triggered by the filing of an Information alleging the commission of a public offense with appropriate venue." *Id.* at 985. And the general rule is that once the District Court has jurisdiction of the subject matter and the person, it will not be defeated or divested by subsequent events.

The proposition of error raised in this case, like the one in *Parker,* must be addressed on the issue of due process. This is a reverse certification case initiated by the filing of an Information alleging the crime of Murder in the Second Degree. The Information is sufficient pursuant to *Parker* to give notice and opportunity to defend against the charge. The proposition should then be reviewed as to compliance with the statutory provisions requiring notice and the opportunity of a juvenile who is presumed to be an adult under the reverse certification statute to have the opportunity to be certified as a child and be treated in the juvenile system.

In *Parker* the issue was sufficiency of the Information and whether the defendant received notice to satisfy due process requirements. The Court determined that we must ask whether the Information gives the defendant notice of the charges against him and apprises him of what he must defend against at trial. This determination is to be made on a case-by-case basis in each appeal where the issue is raised—the Court will look to the four corners of the Information together with all material that was made available to a defendant at preliminary hearing or through discovery. *Id.* at 986.

■ In light of the analysis of *Parker,* in the present case we must look at Section 7306–1.1(D)(1) as it sets out the requirements of due process and review the facts in this case to see if due process was provided. In reverse certification appeals, failure to meet the requirements of Section 7306–1.1(D)(1) will be subject to a harmless error analysis. This will be limited to reverse certification cases because jurisdiction is triggered when the Information is filed. We will look to the facts of each case to ensure the juvenile was afforded the rights set out in the statute.

Notice requirements under Section 7306–1.1(D)(1) are limited to three rights set out in the statute. The statute requires that a

warrant be issued which sets forth the rights of the accused and the rights of the parents

1. to be present at the preliminary hearing,

2. to have an attorney present, and

3. to make application for certification as a child to the juvenile division.

In the present case Appellant was charged as an adult and the record reflects that his mother was present at the time of arrest and at every stage thereafter. Appellant was five months from being eighteen years of age when he was charged with shooting and killing the victim at point blank range. No warrant was issued and the record does not reflect that Appellant and his mother were advised of the rights set forth in Section 7306–1.1(D)(1).

However, the record reflects Appellant had a preliminary hearing and was present, that he was represented by an attorney at each stage of the proceeding, and that upon filing an application to be certified as a child, a hearing was held on the application. His mother was present at each stage. No objection was made on the record below. An error occurred because the statutory notice was not served, but Appellant was afforded due process. Therefore, considering the facts of this case, we find the error harmless as Appellant was not prejudiced by the error.

**IT IS THEREFORE THE ORDER OF THIS COURT,** by a five (5) to zero (0) vote, that the denial of the motion to certify as a child is **AFFIRMED**.

IT IS SO ORDERED.

/s/ Charles S. Chapel
   CHARLES S. CHAPEL,
   Presiding Judge

/s/ Reta M. Strubhar
   RETA M. STRUBHAR,
   Vice Presiding Judge

/s/ Gary L. Lumpkin
   GARY L. LUMPKIN,
   Judge

/s/ James F. Lane—
   Concur In Result
   JAMES F. LANE,
   Judge

/s/ Charles A. Johnson
   CHARLES A. JOHNSON,
   Judge