## RALPH HARRIS v. STATE.

No. A-6347.   Opinion Filed Nov. 24, 1928.
(271 Pac. 957.)

Parrick & Harley, for plaintiff in error.

Edwin Dabney, Atty. Gen., and Smith C. Matson, Asst. Atty. Gen., for the State.

EDWARDS, J. The plaintiff in error, hereinafter called defendant, was convicted in the district court of Oklahoma county on a charge of burglary in the first degree and was sentenced to serve a term of seven years in the state penitentiary.

The facts disclosed by the record are about as follows: In the nighttime on the date charged defendant and Billie Wilson, young men of Oklahoma City, broke into and entered a garage which was connected with and formed a part of the dwelling house of C. H. Ruth. The entrance was made by breaking a lock and entering a door. Defendant was captured at the time, but Wilson made his escape and was apprehended a few days later. The breaking and entering of the building is admitted.

The contentions made all go to the sufficiency of the evidence to establish burglary in the first degree and to error of the court in his instructions and in refusing requested instructions on this point. Defendant's requested instruction No. 1, in substance, tells the jury that, before a conviction can be had, they must find the building broken into was actually a part of the dwelling house or residence and was immediately connected and used therewith as a part of it. Request No. 2 tells them that it is a question of fact to be determined by the jury whether or not the building was a residence. The court upon this point gave the following instruction:

"You are charged that under the law burglary in the first degree as embraced in this information is as follows: Any person who breaks into and enters in the nighttime the dwelling house of another in which there is at the time some human being with intent to commit some crime therein, either, first, by forcibly bursting or breaking the wall or an outer door, window or shutter of a window of such house, or of a lock or bolts of such door or the fastening of such window or shutter, or second, or

the breaking in any other manner, being armed with a dangerous weapon or being assisted or aided by one or more confederates then actually present, or third, by unlocking an outer door by means of false keys or by picking the locks thereof, or by lifting a latch or opening a window.

"You are further instructed that by the term dwelling house as used in these instructions is included all buildings attached to and used in connection with the house usually lived in."

The statute under which defendant was prosecuted is section 2059, Comp. Stat. 1921, which reads:

"Any person who breaks into and enters in the night-time the dwelling house of another, in which there is at the time some human being with intent to commit some crime therein, either," etc.

A dwelling house is defined by section 2067, Comp. Stat. 1921, as follows:

"The term 'dwelling house' as used in this article, includes every house or edifice, any part of which has usually been occupied by any person lodging therein at night, and any structure joined to and immediately connected with such a house or edifice."

The undisputed evidence upon this point is that the garage broken into had an opening through its wall into the basement of the dwelling house of the prosecuting witness, with steps leading up from the basement to the upper floor of the dwelling house. One of the walls of the garage is also the wall of the house. The opening from the garage into the basement was unfinished and was not the full height of a person, and could not be used except in a stooping position, but was occasionally used in going from the dwelling house into the garage. There was nothing to prevent any person in the garage from going through this opening into the basement and thence by the stairway to any part of the dwelling house. The garage so situated clearly is a structure joined to and immediately connected with the dwelling house and

forming a part thereof. The breaking and entering this garage with the essential intent constitutes burglary in the first degree. Simpson v. State, 5 Okla. Cr. 57, 113 P. 549; 9 C. J. p. 1023, par. 32.

The requested instructions do not state the law with strict accuracy, nor is the instruction of the court strictly accurate, but under all the evidence and the record it is not misleading.

There is no question of defendant's guilt. Such errors as appear do not require a reversal. There is no miscarriage of justice.

The case is affirmed.

DOYLE, P. J., and DAVENPORT, J., concur.