**Rolando Barboza SANCHEZ, Appellant,**

v.

**The STATE of Oklahoma, Appellee.**

**No. F–82–599.**

Court of Criminal Appeals of Oklahoma.

June 27, 1983.

---

Johnie O'Neal, Asst. Public Defender, Tulsa, for appellant.

Michael C. Turpen, Atty. Gen., State of Okl., William H. Luker, Asst. Atty. Gen., Oklahoma City, for appellee.

## MEMORANDUM OPINION

BUSSEY, Presiding Judge:

As his single assignment of error, on appeal from his conviction in Tulsa County District Court, Case No. CRF–81–3202, for Burglary in the First Degree, the appellant, Rolando Barboza Sanchez, argues that the evidence is insufficient to support the verdict.

Shortly after 7:00 a.m. on September 9, 1981, Marjorie Ann Hardy answered her doorbell. She was unable to see through the door's peephole because it was covered. She opened the door, which had no safety chain, just enough to see a man standing on the other side. The man, positively identified at trial by Ms. Hardy as the appellant, asked for a person by name. After she told him that he had the wrong apartment, she attempted to shut the door, but Sanchez pushed it open and entered. The appellant argues that the necessary element of a "breaking" is absent in the instant case.

Title 21 O.S.1981, § 1431 sets forth the offense of Burglary in the First Degree.[1] In *Gable v. State,* 424 P.2d 433 (Okl.Cr. 1967), this Court defined the "breaking" which is necessary to constitute the crime of burglary in the first degree as follows: "The breaking necessary to constitute the crime of burglary in the first degree may be by any act of physical force, however slight, by which obstruction is forcibly removed."

Ms. Hardy testified that she opened the door only a few inches and that as she was attempting to close the door, Sanchez pushed it open. We are of the opinion that this use of force by the appellant meets the Court's definition of "breaking." *Gable,* supra.

Additionally, at trial, Tulsa Police Officer Lou Arce testified that he gave Sanchez his *Miranda* rights in Spanish, that Sanchez stated he understood those rights and then admitted that he went to Ms. Hardy's and forced his way in. At trial, Sanchez denied making the confession. However, "where there is evidence from which the jury could conclude that the defendant was guilty as charged, we will not interfere with the verdict even though there may be sharp conflicts in the evidence." *Renfro v. State,* 607 P.2d 703 (Okl. Cr.1980). When the sufficiency of the evidence presented at trial is challenged on appeal, as it is here, the proper test is whether a prima facie case has been established. *Renfro,* supra. We are of the opinion that the State in the case at bar has established a prima facie case. This assignment of error is without merit.

1. 21 O.S.1981, § 1431 reads in pertinent part as follows:
 Burglary in the First Degree.
 Every person who breaks into and enters the dwelling house of another, in which there is at the time some human being, with intent to commit some crime therein, either:
 1. By forcibly bursting or breaking the wall, or an outer door, window, or shutter of a window of such house or the lock or bolts of such door, or the fastening of such window or shutter.

For the above reasons, the judgment and sentence appealed from is AFFIRMED.

CORNISH and BRETT, JJ., concur.