William Hugh HENDRICKS, Appellant,

v.

STATE of Oklahoma, Appellee.

No. F–83–261.

Court of Criminal Appeals of Oklahoma.

April 8, 1985.

E. Alvin Schay, Appellate Public Defender, Robert M. Beck, Special Counsel, Norman, for appellant.

Michael C. Turpen, Atty. Gen., William H. Luker, Asst. Atty. Gen., Oklahoma City, for appellee.

## OPINION

BUSSEY, Judge:

William Hugh Hendricks was convicted of four offenses arising out of the burglary of a Lincoln County residence, and was sentenced under the habitual offender act, 21 O.S.1981, § 51.

On March 10, 1981, Mrs. Bonnie Hester was assaulted in her residence by a burglar, identified at trial as the appellant, upon her return from work during her lunch break. The burglar exited the residence, but returned as Mrs. Hester tried to summon police on her kitchen phone. The burglar subsequently struck the victim over the head with the barrel of a pellet gun owned by her husband, then left in the victim's car with some of her possessions.

The appellant's initial entry into the residence, prior to the victim's arrival, formed the basis for a second degree burglary charge. His reentry as the victim tried to use the telephone resulted in a first degree burglary charge. Appellant was also charged with assaulting the victim with intent to kill and larceny of her automobile.

■ As his first, second and third assignments of error, appellant challenges his conviction for Burglary in the First Degree. His threshhold contention that the information was insufficient to charge the offense is well taken. The information failed to allege that the breaking occurred in one of the statutory modes. It alleged, in relevant part, that the crime was committed "by entering through an opening in the garage and breaking open the inner door of the said dwelling house." Title 21 O.S.1981, § 1431 provides:

§ 1431. Burglary in First Degree

Every person who breaks into and enters the dwelling house of another, in which there is at the time some human being, with intent to commit some crime therein, either:

1. By forcibly bursting or breaking the wall, or an outer door, window, or shutter of a window of such house or the lock or bolts of such door, or the fastening of such window or shutter; or

2. By breaking in any other manner, being armed with a dangerous weapon or being assisted or aided by one or more confederates then actually present; or

3. By unlocking an outer door by means of false keys or by picking the lock thereof, or by lifting a latch or opening a window, is guilty of burglary in the first degree.

■ Two conclusions are immediately apparent. First, the allegations of the information do not bring the crime within either of the three subdivisions of § 1431.[1]

---

1. The "inner door" alleged in the information to have been broken by appellant was the door connecting the garage and the kitchen; it may not be deemed an actual "outer door" of the dwelling within the meaning of § 1431(1). A garage attached to a house and from which access may be had into the house, is a part of the "dwelling house," as used in § 1431. See, *Harris v. State,* 41 Okl.Cr. 121, 271 P. 957 (1928). Accordingly, the door was truly inside the residence, and its breaking could not constitute first degree burglary.

Second, the modes of breaking set out in Section 1431 are integral parts of the statutory definition of first degree burglary. Language incorporated in the enacting clause of a statute so as to constitute a material part of the definition or description of the offense must be alleged in the information. Cf. *Young v. City of Tulsa*, 563 P.2d 156 (Okl.Cr.1977); *Wade v. State*, 624 P.2d 86 (Okl.Cr.1981); and *Groskins v. State*, 52 Okl.Cr. 197, 4 P.2d 117 (1931). Where a statute creates and defines an offense, an indictment or information which does not allege all the essential elements constituting the offense is insufficient. *Hart v. State*, 59 Okl.Cr. 396, 60 P.2d 411 (1936). The information was insufficient. See also, *People v. Fellinger*, 15 Abb.Pr. 128, 24 How.Pr. 341 (N.Y.S.Ct. 1862), affirmed, 26 How.Pr. 599; and *State v. Young*, 345 Mo. 407, 133 S.W.2d 404 (1939), construing statutes similar to § 1431.[2]

■ The State, citing several recent decisions of this Court, argues that any act of physical force, however slight, by which an obstruction to entry is removed, will in all events constitute a sufficient breaking under Section 1431. See, *Sanchez v. State*, 665 P.2d 1218 (Okl.Cr.1983); and *Gable v. State*, 424 P.2d 433 (Okl.Cr.1967). A similar conclusion was reached by the Uniform Jury Instruction Commission. See Commission Comment to OUJI–CR 511. However, the language relied upon was borrowed without sufficient analysis from cases under the second degree burglary statute, and was unnecessary to the decision of those cases; the breakings in each case clearly fell within one or the other of the modes set out in Section 1431. Moreover, where previous cases of this Court incorrectly construe a statutory provision, this Court may correct the error and proceed strictly by the plain and unambiguous intention of the Legislature. See, e.g., *Traxler v. State*, 96 Okl.Cr. 231, 251 P.2d 815, 838–839 (1953) (opinion on rehearing). The uniform jury instruction, OUJI–CR 511, is deficient in this respect, and trial judges are advised to tailor their instructions to the jury accordingly.

■ The information was sufficient to charge the lesser included offense of second degree burglary, 21 O.S.1981, § 1435, and the judgment and sentence will be modified accordingly. Cf. *Stokes v. State*, 86 Okl.Cr. 21, 190 P.2d 838 (1948) (conviction for arson in the first degree based on insufficient information modified to arson in the second degree).

■ Appellant also contends under the third assignment of error that the judge erred in his instructions to the jury. The third count of the information charged Assault and Battery With Intent to Kill, and appellant was convicted of the lesser included offense of Assault and Battery With a Dangerous Weapon.

Appellant's contention that the judge should have instructed additional lesser offenses under this count is without merit, in light of the uncontradicted evidence that the assault involved a dangerous weapon. The appellant grasped a pellet rifle belonging to the victim's husband by the stock and struck the victim over the head with such force that the barrel was bent and the victim's head "dented." The blow contri-

---

**2.** The New York court stated:

> [T]he pleader ... has omitted to state the mode of entry into the premises, which is also a requisite to make out this offense in the first degree.
>
> The mode of breaking into the house, as stated in the statute, is just as necessary to be proved to make out the offense, as that it was in the night time, or that there was at the time a human being in the house. Without proof of one of these modes of entering the house, the offense is only burglary in the second degree. 24 How.Pr. at 342.

The Missouri Court stated:

> An Indictment for burglary in the first degree under the tenth section must state, not only the breaking and entering into a dwelling house in which at the time there was a human being, with intent to commit some felony or larceny, *but that such breaking and entering was effected in one of the modes specified in that section. The manner of the breaking into a dwelling house is one of the ingredients of burglary in the first degree.* (Emphasis in the original; citations omitted.) 133 S.W.2d at 406.

buted to head wounds requiring forty-two stitches to close.

Since the evidence did not support the reduction of the assault below Assault and Battery With a Dangerous Weapon, we find no error. See, *Irvin v. State*, 617 P.2d 588 (Okl.Cr.1980) (where there is not evidence to support a lower degree of the crime charged, or an included offense, the court has no right to ask the jury to consider the issue).

■ The first count of the information charged Burglary in the Second Degree. Appellant contends that the judge should have instructed the jury on the lesser included offense of Illegal Entry, in view of doubt as to whether the initial entry involved an actual breaking of some portion of the exterior of the structure. However, appellant offers no authority that a breaking of the exterior is an element of Second Degree Burglary, and nothing in the statute itself supports such a construction. See, 21 O.S.1981, § 1435.

■ The fourth count of the information charged Larceny of an Automobile. Appellant contends that the judge should have submitted instructions to the jury on the lesser included offenses of Unauthorized Use of a Vehicle and Tampering With a Vehicle. This contention is without merit in light of the absence of evidence proving that the appellant took the car with an intent other than to permanently deprive the owner of her car. See, *Smith v. State*, 544 P.2d 558 (Okl.Cr.1975). Although the vehicle was located at a Stroud, Oklahoma, garage the next day, there is no evidence as to how it left appellant's possession, as by mechanical breakdown, etc. Appellant relies upon mere speculation. The third assignment of error is without merit.

■ Under his fourth assignment of error, appellant contends that the prosecutor engaged in improper closing argument in the second stage of the trial. However, the error, if any, was waived by the failure of the appellant to timely object to the remarks at trial.

■ As his fifth assignment of error, appellant contends that the evidence was insufficient to prove three prior felony convictions relied upon by the State in support of the recidivist charge. First, he complains of the failure of the State to introduce the informations pertaining to the prior convictions. However, the information does not form a proper part of the proof of the prior convictions, and contrary expressions in cases such as *Gilmore v. State*, 365 P.2d 573 (Okl.Cr.1961), have been impliedly overruled. See, *Jones v. State*, 456 P.2d 613 (Okl.Cr.1969); *Honeycutt v. State*, 432 P.2d 124 (Okl.Cr.1967).

■ Appellant also suggests that the convictions were invalid due to the denial of his right to counsel. However, documents relating to two of the convictions reflect that appellant was represented by counsel. Papers relating to the third conviction prove that appellant expressly waived his right to counsel.

■ Appellant further contends that the evidence was insufficient as to the finality of the prior convictions. Finality may be established by circumstantial evidence, *Tice v. State*, 283 P.2d 872 (Okl.Cr. 1955), as where the age of the conviction, the fact that it was entered upon a plea of guilty and the absence of rebutting evidence by the defense combine to raise a jury question. *Cervantes v. State*, 556 P.2d 622 (Okl.Cr.1976).

■ The convictions were twenty-two, nineteen and two-and-one-half years old at the time of the trial. The older convictions were entered upon pleas of guilty. The most recent conviction did not involve a guilty plea; however, the substantial sentence imposed in that case, twenty years in prison and a one thousand dollar fine, was suspended, affording a similar basis for inferring that the appellant was not likely to have appealed the conviction. There was no defense evidence rebutting the State's evidence of finality, and we find no reversible error.

■ Appellant finally contends under this assignment of error that the instruc-

tions in the second stage shifted the burden of proof to the defense on the issue of appellant's identity as the accused in the prior convictions. However, careful review fails to reveal any instruction or instructions which could be said to shift the burden on this issue. Cf. *Mitchell v. State*, 659 P.2d 366 (Okl.Cr.1983).

Appellant's sixth and final assignment of error, that an aggregation of error has been shown warranting reversal or modification of sentence, is without merit, except as to the Burglary in the First Degree conviction, for reasons noted previously.

Accordingly, the judgments and sentences for Burglary in the Second Degree, Assault and Battery With a Dangerous Weapon and Larceny of an Automobile, all After Former Conviction of Two or More Felonies, are AFFIRMED. However, the judgment for Burglary in the First Degree, After Former Conviction of Two or More Felonies, is modified to Burglary in the Second Degree, After Former Conviction of Two or More Felonies, and the sentence is modified to twenty (20) years in prison, and as so MODIFIED, the judgment and sentence is AFFIRMED.

PARKS, P.J., concurs.

BRETT, J., concurs in results.