28 F.3d 112
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 William H. HENDRICKS, Petitioner-Appellant,
v.
R. Michael CODY; Attorney General of the State of OKLAHOMA,
Respondents-Appellees.
 No. 94-6100.
 United States Court of Appeals,
Tenth Circuit.
 June 30, 1994.
 
 ORDER AND JUDGMENT[1]
 Before TACHA, BRORBY AND EBEL, Circuit Judges.
 BRORBY, J.
 
 
 1
 After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. See Fed. R.App. P. 34(a); 10th Cir. R. 34.1.9. The cause is therefore ordered submitted without oral argument.
 
 
 2
 Mr. Hendricks, a state inmate and pro se litigant, appeals the denial of his petition for habeas corpus relief.
 
 
 3
 Mr. Hendricks was convicted of four separate felonies in state court and was sentenced to 115 years imprisonment. See Hendricks v. State, 698 P.2d 477 (Okla.Crim.App.1985). Mr. Hendricks subsequently filed an application for postconviction relief and this was ultimately denied by the Oklahoma Court of Criminal Appeals, in part because Mr. Hendricks was procedurally barred. Specifically the Oklahoma Court of Criminal Appeals held Mr. Hendricks "has not raised any issues that he did not or could not have raised in his appeal."
 
 
 4
 Mr. Hendricks then filed his pro se habeas corpus petition in federal court asserting five grounds for relief. Mr. Hendricks, in this habeas corpus petition, (1) challenged the constitutionality of two prior convictions used to enhance his present sentences as they were too remote; (2) challenged the effectiveness of counsel for their failure to raise this constitutional challenge to these prior convictions; (3) asserted the prosecutor made an improper indirect reference to Mr. Hendricks' failure to testify; (4) asserted ineffectiveness of counsel for failure to raise this error; and (5) asserted ineffective assistance of counsel due to failure to locate two potential defense witnesses, failure to file a motion to suppress a pretrial photo identification, and failure to offer evidence regarding the dates on which two of Mr. Hendricks' prior felony sentences were satisfied.
 
 
 5
 The district court concluded Mr. Hendricks was procedurally barred from obtaining federal habeas corpus review. The district court further concluded Mr. Hendricks failed to allege either cause or prejudice and Mr. Hendricks also failed to make a colorable claim of factual innocence. The district court then denied habeas corpus relief holding Mr. Hendricks was not entitled to a federal review of his state court convictions.
 
 
 6
 Mr. Hendricks appeals the decision of the district court. Mr. Hendricks fails to tell this court why or how the district court erred; rather, Mr. Hendricks informs us of the many constitutional errors he perceives occurred in his state court trial.
 
 
 7
 The issue before this court is not whether Mr. Hendricks received a constitutionally sound trial in state court. The question we must answer as a threshold matter is whether Mr. Hendricks is entitled to a federal review of his state court trial. Mr. Hendricks raised the same five grounds for relief in his state postconviction relief proceedings. The Oklahoma Court of Criminal Appeals entered an order affirming the denial of relief on the grounds of procedural bar. For the federal courts to now review Mr. Hendricks' claims, Mr. Hendricks must demonstrate both "cause" external to the defense and "prejudice" or alternatively Mr. Hendricks must demonstrate a colorable claim of actual innocence. See Coleman v. Thompson, 501 U.S. 722, ___, 111 S.Ct. 2546, 2565 (1991); Steele v. Young, 11 F.3d 1518, 1521 (10th Cir.1993). Mr. Hendricks has failed in both respects.
 
 
 8
 The judgment of the district court is AFFIRMED.
 
 
 9
 Wade BRORBY, J.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470