D. H. MANEY v. STATE.

No. A-8202. Jan. 23, 1932.
Rehearing Denied July 13, 1932.
(13 Pac. [2d] 597.)

White & White, for plaintiff in error.

J. Berry King, Atty. Gen., and Smith C. Matson, Asst. Atty. Gen., for the State.

DAVENPORT, P. J.   The plaintiff in error, hereinafter referred to as the defendant, pleaded guilty to manslaughter in the first degree, and was sentenced to serve a term of five years in the state penitentiary at McAlester. From which judgment the defendant appeals.

The defendant demurred to the information, on the ground:

"That the same wholly failed to state facts sufficient to constitute a crime or public offense within the jurisdiction of this court; that same is so vague, indefinite and uncertain that the defendant cannot properly prepare and interpose his defense thereto." Which demurrer was overruled, and defendant excepted.

On January 10, 1931, the defendant was sentenced to serve a term of five years in the penitentiary.   The defendant then filed a motion in arrest of judgment, on the ground:

"That no information charging the defendant with the commission of a crime or public offense was ever filed herein; that no information sufficient to confer jurisdiction upon the court was filed herein; that therefore this court is now wholly without jurisdiction to render any judgment or impose any punishment against this defendant."   Which motion in arrest of judgment was overruled, and defendant duly excepted.

It is urged by the defendant that the information in this case is wholly insufficient to charge the defendant with the commission of a crime or public offense, and that the judgment herein is not supported by any legally sufficient information or indictment, and that the court erred in overruling the defendant's motion in arrest of judgment.

The only question to be determined in this case is, Does the information upon which the defendant was sentenced on a plea of guilty state facts sufficient to charge the offense for which the defendant entered his plea? ' The charging part of the information is as follows:

"On or about the first day of March in the year of our Lord, One Thousand Nine Hundred and 30 and anterior to the presentment hereof, commit the crime of murder in the manner and form as follows. to wit:

"That at and within the county and state aforesaid and on or about the day and year aforesaid D. H. Maney, then and there being, did then and there knowingly, willfully, unlawfully, wrongfully and feloniously, without a design to effect the death of one A. C. Kelly, but while the said D. H. Maney was engaged in the commission of a felony, to wit: driving a motor vehicle on a public highway in the state of Oklahoma, to wit: A Buick sedan on highway No. 266 east of the town of Okemah, while he the said D. H. Maney was then and there under the influence of intoxicating liquor; and while driving and operating said Buick sedan the said D. H. Maney did unlawfully and feloniously kill and murder one A. C. Kelly by driving said Buick sedan into and against a certain automobile within which the said A. C. Kelly was at said time and which the said A. C. Kelly was at said time lawfully driving on said highway No. 266, thereby striking and colliding with said automobile, in which said A. C. Kelly was so riding and operating, and then and there inflicting certain mortal wounds on the said A. C. Kelly,

from which wounds the said A. C. Kelly did on the first day of March, 1930, die."

It is urged by the defendant that the information only charges that the defendant, while engaged in the commission of a felony, did unlawfully and feloniously kill and murder one A. C. Kelly, while driving a Buick sedan against a certain automobile, in which A. C. Kelly was riding, inflicting mortal wounds on A. C. Kelly.

The defendant further argues that the information utterly fails to charge that the commission of a felony was the cause or any part of the cause of the death of the deceased; that it fails to charge that the commission of the felony was any element tending to make up the offense of murder, or in any way connected with or conducive to the death of the deceased; citing, in support of his contention, 13 R. C. L. 846; State v. Keerl, 29 Mont. 508, 75 Pac. 362, 101 Am. St. Rep. 581; State v. Godfrey, 24 Me. 232, 41 Am. Dec. 382.

We cannot agree with the contention of the defendant. After a careful reading and study of the information, while it cannot be classed as a model, we hold that it does state facts sufficient to sustain the sentence imposed upon a plea of guilty of the defendant. The language in the information clearly states the crime the defendant is charged with; and also states that he committed this offense while driving an automobile upon the highway, and while under the influence of intoxicating liquor.

An information is sufficient which states facts clearly and distinctly, in ordinary and concise language, which, construed under the ordinary rules and construction of the English language, would enable a person of common understanding to know what was meant and to apprise

the defendant of the exact nature of the offense with which he was charged, although the same does not contain all the phraseology or technical language used in criminal pleadings. Star v. State, 9 Okla. Cr. 210, 131 Pac. 542; Reed v. State, 17 Okla. Cr. 662, 191 Pac. 1041; Martin v. State, 35 Okla. Cr. 248, 250 Pac. 552.

The information in this case is sufficient to advise the defendant of the crime charged against him. The defendant having entered his plea of guilty to the same, his motion in arrest of judgment was properly overruled.

The judgment is affirmed.

EDWARDS and CHAPPELL, JJ., concur.