**Roger Wayne WHITE, Appellant,**

v.

**The STATE of Oklahoma, Appellee.**

No. F–77–725.

Court of Criminal Appeals of Oklahoma.

Aug. 21, 1978.

Robinson, Locke, & Gage, Robert L. Locke, Jr., Muskogee, for appellant.

Larry Derryberry, Atty. Gen., Harold T. Garvin, Jr., Asst. Atty. Gen., for appellee.

OPINION

BUSSEY, Presiding Judge:

Appellant, Roger Wayne White, hereinafter referred to as defendant, was charged, tried and convicted by a jury of Conspiracy to Commit Unlawful Delivery of a Narcotic, in the Muskogee County District Court, Case No. CRF–76–247. Punishment was assessed at five (5) years' imprisonment and a fine of Fifteen Hundred Dollars ($1,500.00). From said judgment and sentence the defendant has perfected a timely appeal to this Court.

The information appears in the record as follows:

"Be it remembered, that Julian K. Fite, District Attorney in and for 15th District of the State of Oklahoma, who prosecutes

in the name and by the authority of the State of Oklahoma, comes here in person into the District Court in and for said County this 10th day of August A.D. 1976, and upon the affidavit of Clayton E. Bratt duly subscribed and sworn to by him as provided by law before the committing magistrate, gives the Court to understand and be informed that on or about the 8th day of August A.D., 1976, and anterior to the presentment hereof, in Muskogee County, State of Oklahoma, STERMOND WALLACE STEPHENSON AND ROGER WAYNE WHITE late of said County and within the jurisdiction of said Court, did unlawfully, wrongfully, and wilfully and feloniously, while acting in concert and cooperation with each other, conspire and agree to commit the crime of Unlawful Delivery of Narcotic, a felony, to-wit: In that said Defendants did conspire to deliver and distribute HEROIN, to one Kelly Maurine Oliver, said drug being a narcotic classified as a controlled dangerous substance in Schedule I (B–10) of the Uniform Controlled Dangerous Substances Act of this State, in violation of Title 63, Section 2–408, and Section 2–401 (B–1) OSA, contrary to the form of the statutes, in such cases made and provided, and against the peace and dignity of the state."

Although the defendant did not properly interpose a demurrer to the information prior to entering a plea of not guilty at arraignment and normally would be deemed to have waived any defect in the information, see *Wright v. State*, Okl.Cr., 505 P.2d 507 (1973), he urges that the failure of the State to allege an overt act is jurisdictional and that the information was insufficient to confer jurisdiction on the trial court.

The State contends that the failure to interpose a demurrer constituted a waiver of all defects and did not preserve this assignment of error for review on appeal.

Title 22 O.S.1971, § 741 provides:

"Upon a trial for conspiracy, in a case where an overt act is necessary to constitute the offense, the defendant cannot be convicted *unless one or more overt acts be expressly alleged in the indictment or information*, nor unless one or more of the acts alleged be proved; but any other overt act, not alleged in the indictment may be given in evidence." [Emphasis Added].

This statute is clear and unambiguous and requires that before a defendant may be found guilty the indictment or information must allege an overt act and the same must be proven. It further authorizes the introduction of other overt acts although they are not alleged in the information or indictment. Clearly the information herein filed failed to comply with the provision of the controlling statute and was therefore so fatally defective that it did not confer jurisdiction upon the trial court.

Finding this error sufficient for reversal, we deem it unnecessary to rule on the defendant's other assignments of error.

The judgment and sentence rendered in the District Court of Muskogee County is REVERSED AND REMANDED WITH INSTRUCTIONS TO DISMISS THE INFORMATION.

Nothing in this opinion precludes the filing of a new information in this cause if instituted in the time and manner provided by law.

The Clerk of this Court is directed to issue the Mandate FORTHWITH.

CORNISH and BRETT, JJ., concur.