**Jimmy LAMB, Appellant,**

v.

**The STATE of Oklahoma, Appellee.**

No. F–79–352.

Court of Criminal Appeals of Oklahoma.

April 13, 1981.

Hack Welch, Hugo, for appellant.

Jan Eric Cartwright, Atty. Gen., Mary Bryce Leader, Asst. Atty. Gen. of Oklahoma, Oklahoma City, for appellee.

OPINION

CORNISH, Judge:

Our consideration of the first proposition of error in this case mandates reversal because the Information failed to sufficiently apprise the appellant of the facts constituting the offense charged.[1] A jury convicted Jimmy Lamb of Kidnapping for the Purpose of Extortion, under 21 O.S.1971, § 745, in Choctaw County Case No. CRF–78–7. He was sentenced to ten (10) years' imprisonment.

Prior to trial, the appellant filed a motion to quash, dismiss, and set aside the Infor-

---

1. Although two Informations were filed, one verified and the other not verified, the language in the charging portion was identical.

mation. The charging portion of the Information contained the following:

"... that he, the said defendant, then and there being, did then and there unlawfully, wilfully and feloniously, without authority of law, forcibly seize, kidnap and confine one BETTY CHAPPELL from a place in Choctaw County, Oklahoma, to-wit: from her automobile at a point on Oklahoma State Highway 147 located about ¾ mile southeast of Spencerville, in Choctaw County, Oklahoma, and against the will and consent of the said BETTY CHAPPELL, with the unlawful and felonious intent and purpose then and there on the part of the said defendant to extort *a thing of value or advantage* from the said BETTY CHAPPELL," [emphasis supplied]

The motion was overruled.

The applicable statutes, 22 O.S.1971, § 401 and § 409, appear to require greater specificity as to what the State was referring to when it used the language "to extort a thing of value or advantage from the said Betty Chappell."[2] As pointed out by the appellant's brief, this Court has previously held that both kidnapping for the purpose of rape and unlawfully boarding

another's automobile and forcing another to drive to a certain place come within the purview of 21 O.S.1971, § 745.[3]

In *Simmons v. State*, 549 P.2d 111 (Okl. Cr.1976), we quoted the first paragraph of the Syllabus in *Jones v. State*, 94 Okl.Cr. 15, 229 P.2d 613 (1951), setting forth the test for sufficiency of an Information:

The test of the sufficiency of an information is whether it alleges every element of the offense intended to be charged, and sufficiently apprises defendant of what he must be prepared to meet and so defines and identifies the offense that if convicted or acquitted the accused will be able to defend himself against any subsequent prosecution for the same offense.

When the test is applied to the facts in *City of Tulsa v. Haley*, 554 P.2d 102 (Okl.Cr. 1976), we are confronted with a situation not unlike that before us. The pertinent language of the Information in *Haley* stated:

... On or about the 2nd day of January, 1976 within the corporate limits of the City of Tulsa, Tulsa County, Oklahoma, George Haley the above named defendant, did then and there unlawfully,

---

2. Title 22 O.S.1971, § 401 provides:
   The indictment or information must contain:
   1. The title of the action, specifying the name of the court to which the indictment or information is presented, and the names of the parties.
   2. A statement of the acts constituting the offense, in ordinary and concise language, and in such manner as to enable a person of common understanding to know what is intended.
   R.L.1910, § 5738.
   Title 22 O.S.1971, § 409 states:
   The indictment or information is sufficient if it can be understood therefrom:
   1. That it is entitled in a court having authority to receive it, though the name of the court be not stated.
   2. That it was found by a grand jury or presented by the county attorney of the county in which the court was held.
   3. That the defendant is named, or if his name cannot be discovered, that he is described by a fictitious name, with the statement that his true name is unknown.

   4. That the offense was committed at some place within the jurisdiction of the court, except where the act, though done without the local jurisdiction of the county, is triable therein.
   5. That the offense was committed at some time prior to the time of filing the indictment or information.
   6. That the act or omission charged as the offense is clearly and distinctly set forth in ordinary and concise language, without repetition, and in such manner as to enable a person of common understanding to know what is intended.
   7. That the act or omission charged as the offense, is stated with such a degree of certainty, as to enable the court to pronounce judgment upon a conviction according to the right of the case.
   R.L.1910, § 5746.

3. See *Norris v. State*, 68 Okl.Cr. 172, 96 P.2d 540 (1939); *Householder v. Ramey*, 485 P.2d 247 (Okl.Cr.1971).

wrongfully, wilfully and knowingly commit an assault and battery upon the person of (J. Isnardi) (R. Fagan) (D. Bradley), at 1120 South Utica, Hillcrest Hospital....

This Court held that Information to be fatally defective because it failed to allege the acts constituting the offense of Assault and Battery and:

... the Appellee would not know what acts he must be prepared to meet in the present prosecution and defend against in any subsequent prosecution for the same offense. See, *Fish v. State*, Okl.Cr., 505 P.2d 490 (1973).

Similarly, we think that the ambiguity created by the inadequate language of the Information in this case fails to satisfy the mandates of the statutes and the Oklahoma Constitution so that the appellant knows the nature and import of the accusation.[4] This being dispositive of this appeal we deem unnecessary a discussion of the three remaining propositions of error.

REVERSED AND REMANDED FOR A NEW TRIAL.

BRETT, P. J., concurs.

BUSSEY, J., dissents.

---

4. The provisions of the Oklahoma Constitution, Art. 2, § 20, provide:

"In all criminal prosecutions the accused ... shall be informed of the nature and cause of the accusation against him ..."