**Victor Lee MILES, Appellant,**

v.

**STATE of Oklahoma, Appellee.**

No. F–95–475.

Court of Criminal Appeals of Oklahoma.

June 3, 1996.

---

**630**

## ORDER DENYING PETITION FOR REHEARING AND DIRECTING ISSUANCE OF MANDATE

Victor Lee Miles was tried by a jury and convicted of First Degree Murder in violation of 21 O.S.1991, § 701.7, in the District Court of Carter County, Case No. CRF–93–283. In accordance with the jury's recommendation, the Honorable Lee A. Card sentenced Miles to life imprisonment without possibility of parole.

This Court affirmed Miles's conviction and sentence by unpublished opinion on April 23, 1996. Miles is now before the Court on a Petition for Rehearing, Rule 3.14, *Rules of the Court of Criminal Appeals,* 22 O.S.Supp. 1995, Ch. 18, App. According to Rule 3.14, a Petition for Rehearing shall be filed for two reasons only:

(1) That some question decisive of the case and duly submitted by the attorney of record has been overlooked by the Court, or

2) That the decision is in conflict with an express statute or controlling decision to which the attention of this Court was not called either in the brief or in oral argument.

Miles raises two propositions in his Petition for Rehearing, alleging that the application of *Parker v. State* [1] to his case operates as an ex post facto law and denies him due process. Miles claims this Court's decision

conflicts with principles of constitutional law which could not have been called to this Court's attention during the pendency of his appeal. After review of his claims, we deny Miles's petition.

Miles first argues that application of the test set forth in *Parker* denies him due process because the opinion does not state which portions of the record were used to determine that the Information in his case was sufficient. In *Parker* this Court determined that the failure of an Information to allege every element of a crime does not deprive a trial court of jurisdiction, and held that each case would be reviewed by looking at the Information itself plus material available to the defendant at preliminary hearing or through discovery to determine whether the defendant received sufficient notice to satisfy due process requirements.[2] *Parker* requires that each defendant have notice of the charges against him and be apprised of what he must meet at trial. Miles argues that the use of sources other than the Information to determine notice is constitutionally prohibited. His argument turns on the settled law that one may not be convicted of a crime with which one was not charged. *Parker* in no way infringes on this principle; if the Information and material available to a defendant do not provide him with notice of the particular crime he must defend against, then the Information will violate due process by failing to provide sufficient notice. Application of the *Parker* rule does not allow a defendant to be convicted for a crime with which he was not charged, and does not violate due process.

Specifically, application of the *Parker* rule did not violate Miles's due process rights. He argues that, because the Information did not plead each element of the underlying felony, Robbery with Firearms, he was not sufficiently apprised of the facts he would have to defend against. On the contrary, the Information in this case on its face provided Miles with the date, location, victim, weapon, method of death, and activity in which he was engaged at the time. This

1. 917 P.2d 980 (Okl.Cr.1996).

2. 917 P.2d at 985–87.

constitutes sufficient notice to satisfy due process requirements, and need not be supplemented by additional facts or outside information. Miles is simply mistaken when he contends that, after *Parker*, this Court continues to require that each felony murder Information must allege facts to support every element of the underlying felony. That is no longer a pleading requirement. Miles's Information provided him sufficient notice under the Due Process Clause.

 Miles next claims that application of *Parker* in his case violates the constitutional prohibition against the ex post facto application of criminal laws. Miles admits that *Parker* (1) does not criminalize and punish previously innocent behavior; (2) does not aggravate his crime, nor make it greater than it was when committed; (3) does not inflict a greater punishment on his crime than when it was committed; and (4) does not alter the legal rules of evidence to receive less or different testimony than at the commission of his offense.[3] Instead, he argues that *Parker* acts as a prohibited judicial enlargement of this Court's previous interpretation of the Oklahoma statutes governing Informations.[4] On the contrary, our cases interpreting those statutes have continually changed and show at least two distinct paths, including the one adopted most recently in *Parker*.[5] At most, Miles argues that the application of *Parker* deprives him of a defense he would have had under previous interpretations—suggesting if anything a judicial narrowing, rather than enlargement, of statutory interpretation. Even if this claim were true, deprivation of an available defense does not amount to an ex post facto law. A law which changes modes of procedure, but does not alter a defendant's substantial personal rights, is not an ex post facto law.[6] Application of *Parker* neither denies Miles a substantial personal right nor violates the prohibition against ex post facto laws.

IT IS THEREFORE THE ORDER OF THE COURT that the Petition for Rehearing is DENIED. The Clerk of the Court is directed to issue the mandate forthwith.

IT IS SO ORDERED.

/s/ Charles A. Johnson
CHARLES A. JOHNSON
Presiding Judge

/s/ Charles S. Chapel
CHARLES S. CHAPEL
Vice–Presiding Judge

/s/ Gary L. Lumpkin
GARY L. LUMPKIN
Judge

/s/ James F. Lane
JAMES F. LANE
Judge

/s/ Reta M. Strubhar
RETA M. STRUBHAR
Judge

3. *Miller v. Florida*, 482 U.S. 423, 107 S.Ct. 2446, 96 L.Ed.2d 351 (1987), citing *Calder v. Bull*, 3 U.S. (3 Dall.) 386, 1 L.Ed. 648 (1798).

4. 22 O.S.1991, §§ 401–10.

5. For a discussion of this history see, *e.g.*, *Tiger v. State*, 900 P.2d 406 (Okl.Cr.1995) (Lumpkin, J.,

dissenting); *Miller v. State*, 827 P.2d 875, 877 (Okl.Cr.1992) (Lumpkin, J., dissenting).

6. *Mitchell v. State*, 884 P.2d 1186 (Okl.Cr.1994); *Collins v. Youngblood*, 497 U.S. 37, 110 S.Ct. 2715, 111 L.Ed.2d 30 (1990).