**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**OCT 6 2000**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

WILLARD KEITH CUDJO,

        Petitioner-Appellant,

v.

RON J. WARD, Warden,

        Respondent-Appellee.

No. 99-7083
(D.C. No. 97-CIV-608-B)
(E.D. Okla.)

---

**ORDER AND JUDGMENT**   *

---

Before **TACHA** , **EBEL** , and **BRISCOE** , Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal.  See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is therefore ordered submitted without oral argument.

Petitioner filed a petition for writ of habeas corpus under 28 U.S.C. § 2254. The magistrate judge recommended that the petition be denied, and petitioner

---

\*     This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.  The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

filed objections. With one minor notation, the district court adopted the magistrate judge's recommendation, denied the petition, and declined to grant a certificate of appealability (COA). We deny petitioner's application to this court for a COA and dismiss the appeal.

Petitioner was convicted, following a jury trial, of Conspiracy to Commit Robbery by Force or Fear (Count I), Robbery With a Dangerous Weapon (Count II), and First Degree Malice Aforethought Murder (Count III), for which he received sentences of ten years, seventy-five years, and death, respectively. On appeal, the convictions and sentences were affirmed as to Counts I & II and the conviction on Count III. Finding plain error in the imposition of the death penalty, the Oklahoma Court of Criminal Appeals modified that sentence to life imprisonment without parole. See Cudjo v. State , 925 P.2d 895 (Okla. Crim. App. 1996). Petitioner's subsequent application for post-conviction relief was denied. See Cudjo v. State , No. PC-97-958 (Okla. Crim. App. Sept. 12, 1997). He then filed this application for a writ of habeas corpus, raising the following claims:

> 1.     The information failed to properly allege elements of the offense of first degree murder under the law in effect at the time of the offense;
>
> 2.     The evidence was insufficient to support the convictions for robbery with a dangerous weapon and for first degree murder;
> 3.     Petitioner was denied the effective assistance of trial and appellate counsel;

-2-

4.    Petitioner's arrest and search were predicated on invalid warrants not supported by probable cause;

5.    The evidence was insufficient to support the conviction for conspiracy to commit robbery by force or fear; and

6.    The admission of other crimes evidence was prejudicial error in violation of the state and federal constitutions.

The State concedes that petitioner has exhausted his state remedies on these issues.

In well-reasoned findings and recommendation, adopted by the district court, the magistrate judge recommended that relief be denied and the habeas action dismissed.  On appeal, petitioner continues to urge the claims addressed and decided by the district court.

Petitioner first claims that the information in his case was insufficient because it "failed to allege the elements of the offense of First Degree Murder and failed to inform [him] of the theory of homicide upon which the State would rely."  Cudjo, 925 P.2d at 897.  The Oklahoma Court of Criminal Appeals carefully reviewed this claim in light of the trial record and determined that petitioner received adequate notice of the charge against him and that he understood he was charged with malice aforethought murder.    See id. at 898. In addition, the Oklahoma cases he relies on have been overruled.    See Parker v. State, 917 P.2d 980, 986 and n.4 (Okla. Crim. App. 1996) (overruling earlier

-3-

cases holding that to confer jurisdiction on a trial court, information must allege all elements of crime charged).  Finally, although he argues generally that the information was defective,    see Appellant's Br. at 1-5, he does not take issue with the state court's determination that he had sufficient notice of the charge against him based on the "'four corners' of the Information together with all of the materials that were made available to [petitioner] at preliminary hearing and through discovery" and that during closing argument defense counsel had acknowledged that both counsel and petitioner "understood the charges they were there to defend against."    Cudjo , 925 P.2d at 898 and n.1.  This claim is therefore without merit.

Next, petitioner contends that the evidence was insufficient to support the convictions for robbery with a dangerous weapon and for murder in the first degree.  This claim was thoroughly analyzed by the Oklahoma Court of Criminal Appeals under the constitutional standard of      Jackson v. Virginia   , 443 U.S. 307 (1979).  See Cudjo , 925 P.2d at 899-901.  Habeas corpus relief is proper only when the state court's adjudication of a claim has resulted in a decision contrary to or involving an unreasonable application of clearly established federal law or resulted in a decision based on an unreasonable determination of the facts in light of the evidence presented in state court.    See 28 U.S.C. § 2254(d).  Petitioner simply reargues his version of the facts.    See Appellant's Br. at 6-14.  This is

insufficient to meet the requirements of § 2254(d). Under Jackson , the evidence must be viewed in the light most favorable to the prosecution. See Jackson , 443 U.S. at 319.

Petitioner further contends he was denied the effective assistance of trial and appellate counsel. This issue was raised in state court by way of the post-conviction proceeding. Specifically, petitioner claims that trial and appellate counsel should have raised his last three issues, i.e., the invalidity of the search and arrest warrants, insufficiency of the evidence to support the conviction for conspiracy to commit a robbery by force or fear, and admission of other crimes evidence amounting to prejudicial error.

The Oklahoma Court of Criminal Appeals found the substantive issues to be procedurally barred under Okla. Stat. tit. 22, § 1086 because they were not raised on direct appeal. The court further determined that appellate counsel was not ineffective, particularly in view of the fact that the direct appeal successfully challenged the death penalty. The court considered petitioner's claims in light of the requirements of Strickland v. Washington , 466 U.S. 668 (1984), which requires a showing that counsel's performance was deficient and that the deficient performance prejudiced the defense. See id. at 687.

The district court affirmed the magistrate judge's determination that the Court of Criminal Appeals correctly applied the Strickland standard and that

under § 2254(d) petitioner was not entitled to habeas corpus relief.  The court also noted that petitioner had made a general claim of actual innocence, <u>see</u> R. Doc. 2 at 55-56, but had failed to support this allegation with a "colorable showing of factual innocence."  <u>See</u> <u>Herrera v. Collins</u>, 506 U.S. 390, 404 (1993) (further quotations omitted).  We agree with the district court's conclusion that petitioner has failed to make such a showing.

A petitioner may not appeal the denial of a § 2254 petition unless a circuit justice or judge issues a COA.  <u>See</u> 28 U.S.C. § 2253(c)(1)(A).  A COA "may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right."  <u>Id.</u>, § 2253(c)(2).  Upon review of the record and brief, along with the magistrate judge's findings and recommendation and the district court's order, we deny the COA for substantially the reasons set forth in the magistrate judge's findings and recommendation.

Application for COA DENIED; appeal DISMISSED.

Entered for the Court

Deanell Reece Tacha
Circuit Judge