**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**UNITED STATES COURT OF APPEALS**

**FEB 21 2002**

**TENTH CIRCUIT**

**PATRICK FISHER**
**Clerk**

CAINEY ROBERTS, JR.,

Petitioner-Appellant,

v.

CHARLES RAY, Warden; THE
ATTORNEY GENERAL OF THE
STATE OF OKLAHOMA,

Respondents-Appellees.

No. 00-7117
(E.D. Okla.)
(D.Ct. No. 97-CV-500-B)

**ORDER AND JUDGMENT**[*]

Before **SEYMOUR**, Circuit Judge, **BRORBY**, Senior Circuit Judge, and
**LUCERO**, Circuit Judge.

Mr. Cainey Roberts, Jr. appeals the district court's denial of his federal

petition for a writ of habeas corpus brought pursuant to 28 U.S.C. § 2254. This

court has jurisdiction pursuant to 28 U.S.C. §§ 1291 and 2253. Mr. Roberts

claims he is entitled to habeas relief because the Oklahoma Court of Criminal

---

[*] This order and judgment is not binding precedent except under the doctrines of
law of the case, *res judicata* and collateral estoppel. The court generally disfavors the
citation of orders and judgments; nevertheless, an order and judgment may be cited under
the terms and conditions of 10th Cir. R. 36.3.

Appeals violated *ex post facto* principles when it applied *Parker v. State*[1] to his direct appeal. Mr. Roberts argues *Parker* was an unexpected and unforeseeable new rule of law and the application of *Parker* in his direct appeal[2] denied him due process of law.

Mr. Roberts acknowledges his argument hinges on whether this court determines *Parker* was unforeseeable. This court recently held the result in *Parker* was foreseeable. *Sallahdin v. Gibson,* 275 F.3d 1211, 1228 (10th Cir. 2002).[3] Mr. Roberts' arguments are substantially the same as those we considered

---

[1] *Parker v. State*, 917 P.2d 980, 985-86 (Okla. Crim. App. 1996) (defective criminal information raises due process concerns, but is not fatal to jurisdiction), *cert. denied*, 519 U.S. 1096 (1997), overruled *Miller v. State*, 827 P.2d 875, 879 (Okla. Crim. App. 1992) (criminal information must specifically allege each element of the crime to confer jurisdiction on the trial court).

[2] Contrary to the contentions in Mr. Roberts' brief, the state appellate court did not apply *Parker* in his direct appeal. *Roberts v. State*, No. F-93-482, slip op. at 3-4 (Okla. Crim. App. May 1, 1996) (unpublished opinion). Rather, the court relied on an unpublished opinion, *Masquat v. State*, No. F-93-1369 (Okla. Crim. App. July 26, 1996). *Masquat* held "[t]he term 'premeditated design' ... was sufficient in this Information to set forth the element of malice aforethought." *Id.* at 4. Obviously, the result in *Masquat* does not bode well for Mr. Roberts and may explain his decision to submit an *ex post facto* argument to this court. Nevertheless, we acknowledge Mr. Roberts' reliance on *Parker* in his *ex post facto* argument before this court and dispose of his claim accordingly.

[3] *Sallahdin* was decided after we heard oral argument in this case.

-2-

and rejected in *Sallahdin*. *See id.* at 1227-28. Therefore, the district court's denial of the petition for a writ of habeas corpus is **AFFIRMED**.

**Entered by the Court:**

**WADE BRORBY**
United States Circuit Judge
